FILED

Oct 16   □ 30 AM '03

U. S. DISTRICT COURT
N HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

INTERNATIONAL BRANDS USA, INC. and
INTERBRANDS, INC.

     Plaintiffs,                          CIVIL ACTION NO. :

v.                                    302 CV 333 (MRK)

OLD ST. ANDREWS LIMITED

     Defendant.                       OCTOBER 15, 2003

## MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL

The defendant, Old St. Andrews Limited ("OSA") respectfully submits this memorandum in opposition to the plaintiff's September 24, 2003 motion to compel. OSA also submits the attached affidavits of Julian Haswell ("Haswell Aff. ¶") and Michael Feldman ("Feldman Aff.¶ ").

Background

OSA is a small family business located outside of London, England engaged in the business of selling and exporting certain brands of scotch whisky. Beginning in 1989, the plaintiff began importing OSA products. Although OSA tendered written long-term

1

FELDMAN & HICKEY, LLC • ATTORNEYS AT LAW • 10 WATERSIDE DRIVE, SUITE 303
FARMINGTON, CONNECTICUT 06032-3084 • (860) 677-0561 • FAX (860) 677-1147

distributorship agreements on three occasions, plaintiff refused to enter into such an

agreement.  The parties relationship, thus, remained on an at will basis. During the period from

1999 through 2001, the plaintiff's purchase of OSA product fell off dramatically to the point

where in the year 2000, it purchased no product at all.  Disputes arose during this time period

relating to terms of sale, quality of product, and return of merchandise.  As a result of the

plaintiff's failure to purchase goods for a lengthy period of time and ongoing disputes, OSA

notified the plaintiff that it would no longer sell to plaintiff.

      The complaint is dated February 25, 2002, was filed in District Court on February 28,

2002, and OSA's counsel appeared on March 26, 2002.

      Shortly after being served with the complaint, Julian Haswell, the managing director of

OSA, contacted Stewart Shepley as part of his investigation.  Mr. Shepley had previously been

a consultant to OSA and was familiar with discussions between the plaintiff and OSA in the

early part of the relationship.  Mr. Haswell's approach to Mr. Shepley was directly in response

to being sued and was for the purpose of obtaining Mr. Shepley's version of events.  Mr.

Shepley responded with a letter dated March 26, 2002.  The sole purpose of Shepley's letter

was in connection with Mr. Haswell's investigation into pending litigation which Mr. Haswell

2

intended to and did share with counsel. Haswell Aff. ¶ 2-5.[1]

On February 7, 2003, the plaintiff conducted the deposition of Julian Haswell. In response to questioning from plaintiff's counsel, Mr. Haswell made an inadvertent reference to the Shepley letter which outlined Shepley's "view on what he believed was negotiated . . ." Mr. Haswell is not an attorney, has no familiarity with the federal rules, is not at all acquainted with the work product doctrine, and has no idea of whether such documents are considered discoverable under the rules. Haswell Aff. ¶ 6-7.

Although the existence of the Shepley letter was inadvertently revealed to plaintiff's counsel at the February 7, 2003 deposition, plaintiff did nothing whatsoever to pursue the identification or discovery of the Shepley letter until August 21, 2003. On August 21 and 22, 2003 International Brands' counsel sent e-mails to OSA's counsel asking for information relating to the Shepley letter. OSA's counsel was out of the office for most of the afternoon on August 21, and all day on August 22nd attending an out of town memorial service. OSA's counsel thus had no opportunity to promptly respond. Notwithstanding the foregoing, OSA's counsel, while out of town, made an unsuccessful effort to call plaintiff's counsel on August

---

[1] The plaintiff's Motion to Compel is improper, since in order for OSA to defend against the motion, OSA needs to disclose information protected by Local Rule 9 (d) 1.

3

22nd.  Feldman Aff. ¶ 4-6.

No explanation has been offered as to why plaintiff failed to seek identification or discovery of the Shepley letter between February and August 2003.

In OSA's initial disclosure dated June 13, 2002 (Exhibit A), OSA disclosed Stewart Shepley as a witness, provided his address and indicated the subject of his testimony. Notwithstanding OSA's disclosure of Shepley as a witness, the plaintiff has never deposed or sought to depose Mr. Shepley even though plaintiff conducted three depositions in London. Although the discovery cutoff date was September 30, 2003, OSA would consent to an extension to allow plaintiff to conduct Mr. Shepley's deposition.  When plaintiff's counsel finally pressed the issue of the Shepley letter, OSA's counsel did explain, in a timely fashion, the reasons for not identifying or producing the document: (1) on the record of Mr. Haswell's continued deposition dated August 26, 2003 at 239-40 (Exhibit F to plaintiff's Motion to Compel); and (2) in two e-mails to plaintiff's counsel (Feldman Aff. ¶ 9-11).

OSA has no objection to the Court's <u>in camera</u> inspection of the Shepley letter.

<u>Discussion</u>

    I.  <u>OSA is not obligated to produce or identify the Shepley Letter.</u>

The rules contemplate a certain category of documents that are so clearly immune from

4

discovery that the party is not required to identify the document in a privilege log.  The

Shepley letter is such a document.

Rule 9 (d) 1 of the local rules of the United States District Court for the District of

Connecticut states:

> This rule requires preparation of a privilege log with respect to all documents withheld
> on the basis of a claim of privilege or work product protection except the following:
> Written communications between a party and its trial counsel after commencement of
> the action and work product material created after commencement of the action.

(Emphasis added).

The Shepley letter was dated March 26, 2002 one month after this action was commenced.

Fed. R. Civ. Pro. Rule 3 (action commenced when complaint is filed).  The Shepley letter was

written at the request of a party for the purpose of preparing  its defense to the action and was

provided to OSA's counsel for that purpose.  The plaintiff does not seriously dispute the work

product status of the Shepley letter.

Rule 26 (b) (3) of  The Federal Rules of Civil Procedure states in part:

> [A] party may obtain discovery of documents and tangible things otherwise
> discoverable under subdivisions (b) (1) of this rule and prepared in anticipation of
> litigation or for trial by or for another party . . . only upon showing that the party
> seeking discovery has substantial need of the material in the preparation of the party's
> case and that the party is unable without undue hardship to obtain a substantial
> equivalent of the materials by other means.

FELDMAN & HICKEY, LLC • ATTORNEYS AT LAW • 10 WATERSIDE DRIVE, SUITE 303
FARMINGTON, CONNECTICUT 06032-3084 • (860) 677-0551 • FAX (860) 677-1147

OSA in its initial disclosure had already identified the subject of Mr. Shepley's testimony. Plaintiff has made no showing as to its "substantial need" of the material or that it could not obtain the substantial equivalent by other means, namely by taking Mr. Shepley's deposition, either in person (when the other depositions were taken in London) or via telephone.

II.  <u>OSA has not waived its rights with regard to the Shepley letter</u>.

Waiver, by definition, is the intentional relinquishment of a known right.  When Mr. Haswell commented on the Shepley letter at his deposition he did so inadvertently and without any intent to waive any rights.  Indeed, Mr. Haswell was unaware what rights if any existed with respect to the disclosure or nondisclosure of the Shepley letter.  Haswell Aff. ¶ 7.  Thus, Mr. Haswell's inadvertent reference to the Shepley letter is not a waiver. <u>Smith v. Armour Pharmaceutical Co.</u> 838 F. Supp. 1573 (C.D. Fla. 1993) <u>Mendenhall v. Barber-Greene Co.</u> 531 F. Supp. 951, 954 (D.C. Ill. 1982) ("Inadvertent production is the antithesis" of waiver).

OSA's counsel asked no questions of the witness relating to the Shepley letter.  Nor has OSA attempted in any manner to introduce the Shepley letter into evidence.  Thus, OSA has not attempted to use the Shepley letter affirmatively.  Where a party uses a privilege as a sword, it cannot then hide behind it as a shield.  OSA did no such thing.  It was plaintiff's counsel who raised questions relating to the Shepley letter.

6

Nor can counsel's failure to object to questions be considered a waiver. The privilege belongs to the client and only the client can waive the privilege. Berg Electronics v. Molex, Inc. 875 F. Supp. 261 (D. Del. 1995); Connecticut Mutual Life Insurance Co. v. Shields 18 F.R.D. 448, 451 (C.D. N.Y. 1955) (Only client can waive privilege; evidence must show intention to waive.) Attorneys are prohibited from preventing their clients from answering questions at a deposition at the risk of sanctions and disciplinary action. Restoration Trust Corp. v. Dabney 73 F. 3d 262 (10th Cir. 1995); Gober v. City of Leesburg 197 F.R.D. 519 (C.D. Fla. 2000). Counsel cannot be expected to make a hasty, spontaneous, and possibly incorrect, assertion of work product, during a deposition, and, if wrong, be subjected to sanctions. Thus an attorney should not be placed in a dilemma in which he risks incurring sanctions against himself and his client by objecting, or waiving a potential privilege. It is not reasonable or appropriate to construe counsel's silence as a waiver of anything.

OSA had no obligation to object to the specific production request as it is implied that production requests do not seek privileged documents. To suggest that OSA was obligated to object or identify the document, would simply ignore provisions of local rule 9. If plaintiff is correct, both parties should identify documents that fall within the exception to the privilege log of Rule 9.

7

III.  Plaintiff has waived its right to seek production of the Shepley letter.

Plaintiff has offered no explanation for its delay in waiting from February 7, 2003 until August 21, 2003 to pursue the Shepley letter.  Nor has plaintiff explained why it failed to take Mr. Shepley's deposition although it has engaged in extensive discovery efforts.  Indeed, the cost and effort associated with seeking production of a document to which plaintiff is not entitled, would have been better spent conducting Mr. Shepley's deposition.

Conclusion

For the foregoing reasons, the plaintiff's motion to compel should be denied.[2]

Defendant, Old St. Andrews Limited

By_____
                    Michael Feldman, Esq.
                    Law Office of Michael Feldman
                    10 Waterside Drive, Ste. 303
                    Farmington, CT
                    His Attorney

_____

[2]  Defendant respectfully requests that the Court accept the attached facsimile affidavit of Julian Haswell.  Upon receipt of the original, defendant will furnish it to the Court.

8

## CERTIFICATION OF SERVICE

This certifies that a copy of the foregoing was mailed via first class mail on October 15, 2003 to the following:

Marc J. Kurzman, Esq.
Madeleine F. Grossman, Esq.
Dorit S. Heimer, Esq.
Levett Rockwood P.C.
33 Riverside Avenue
P.O. Box 5116
Westport, CT 06881

The Honorable Mark R. Kravitz
United States District Court
141 Church Street
New Haven, CT 06510

_____
Michael Feldman

9

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

INTERNATIONAL BRANDS USA, INC. and
INTERBRANDS, INC.

      Plaintiffs,                               CIVIL ACTION NO. :

v.                                      302 CV 333 (MRK)

OLD ST. ANDREWS LIMITED

      Defendant.                             OCTOBER __, 2003

## AFFIDAVIT OF JULIAN HASWELL

1.    I am over 18 years of age, believe in the obligations of an oath and am the managing

director of the defendant, Old St. Andrews Limited, ("OSA").

2.    Shortly after being served with the complaint in this action, I contacted Stewart Shepley

as part of my investigation.

3.    Mr. Shepley had been a consultant to OSA and was familiar with discussions between

the plaintiff and OSA in the early part of the relationship between the two companies.

4.    My approach to Mr. Shepley was directly in response to being sued and was for the

purpose of obtaining Mr. Shepley's version of events.

5.    Mr. Shepley responded with a letter dated March 26, 2002. The sole purpose of

Notary public

Shepley's letter was in connection with my investigation into pending litigation which I intended to and did share with counsel.

6.   During my deposition on February 7, 2003 in response to questioning from plaintiff's counsel, I made an inadvertent reference to the Shepley letter.

7.   I am not an attorney, have no familiarity with the federal rules of civil procedure, am not at all acquainted with the work product doctrine, and have no idea of or whether such documents are considered discoverable under the rules.

Julian Haswell
Julian Haswell

Subscribed and sworn to me this 13th day of October, 2003.



Notary Public
NEVILLE CLARKSON
WRIGHT
Sevenoaks, Kent,
England.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

INTERNATIONAL BRANDS USA, INC. and
INTERBRANDS, INC.

     Plaintiffs,                  CIVIL ACTION NO. :

v.                            302 CV 333 (MRK)

OLD ST. ANDREWS LIMITED

     Defendant.                OCTOBER 15, 2003

## AFFIDAVIT OF MICHAEL FELDMAN

1.     I am over 18 years of age, believe in the obligations of an oath and am counsel to the defendant, Old St. Andrews, Limited ("OSA").

2.     This affidavit is submitted in opposition to the plaintiff's September 24, 2003 motion to compel production of a letter written by Stewart Shepley.

3.     The Shepley letter was inadvertently referenced by Julian Haswell, OSA's managing director, at his February 7, 2003 deposition.

4.     Thereafter, plaintiff did nothing to pursue the identification or discovery of the Shepley letter until August 21, 2003 when plaintiff's counsel sent an e-mail to me requesting identification and production of the Shepley letter.

5.  On August 21, 2003 I was out of the office for most of the afternoon. On August 22nd I attended an out of town memorial service and was out of the office all day.

6.  On August 22nd I called Marc Kurzman's office from the road but was unable to reach him.

7.  In OSA's initial disclosure dated June 13, 2002 (Exhibit A), OSA disclosed Stewart Shepley as a witness, provided his address and indicated the subject of his testimony. The plaintiff has never deposed or sought to depose Mr. Shepley.

8.  The plaintiff has taken three depositions in London during August 2003.

9.  When plaintiff's counsel raised the question of the Shepley letter during the August 26, 2003 continuation of Mr. Haswell's deposition, at page 239-240 I explained that the Shepley letter was work product, that it was prepared after the commencement of the litigation and that in accordance with local rules it is not required to be identified in a privileged log.

10. During the deposition I asked no questions relating to the Shepley letter.

11.   After the deposition I received communications from Attorney Kurzman further

inquiring about the Shepley letter.  I promptly responded with the attached two e-mails

dated September 11, 2003, Exhibit B.

_____
Michael Feldman

Subscribed and sworn to me this /5th date of October 2003.

_____
Charles E. Hickey
Commissioner of Superior Court

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

INTERNATIONAL BRANDS USA, Inc.
and INTERBRANDS, INC.
      Plaintiffs,             :

                                :

VS.                            :         302CV333 (JCH)

                                :

OLD ST. ANDREWS LIMITED
      Defendant.            :         JUNE 13, 2002

## DEFENDANT'S INITIAL DISCLOSURE

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, the defendant, Old St. Andrews Limited, provides the following initial disclosures:

A.    Individuals likely to have discoverable information that the defendant may use to support its claims or defenses:

        1.  Julian Haswell, Managing Director of Old St. Andrews Limited,
            No. 2 East Point, High Street, Seal, Sevenoaks, Kent TN15 OEG

Information regarding: (i) the history of dealings between the plaintiffs and defendant; (ii) documents relating to the dealings between the plaintiffs and defendant; (iii) the plaintiffs' failure to purchase goods ordered or improper rejection or return of

-1-

goods ordered from the defendant; (iv) amounts due defendant from International Brands; (v) defendant's credit insurance claim; (vi) plaintiffs' failure to execute an agreement with OSA; (vii) the purpose of the August, 1989 document ; (viii) plaintiffs' failure to provide information and to cooperate with defendant; and (ix) affirmative defenses and counterclaims.

2. Carol Latter, Old St. Andrews Limited.
   No. 2 East Point, High Street, Seal, Sevenoaks, Kent TN15 OEG

Information regarding:  (i) documents relating to the dealings between the plaintiffs and defendant; (ii) the plaintiffs' failure to purchase goods ordered or improper rejection or return of goods ordered from the defendant;
(iii) amounts due defendant from International Brands; (iv) affirmative defenses and counterclaim.

3. Roger M. Turner, Chairman
   12 The Alders, Willowbank, New Denham,  Bucks UB9 4AY

Information regarding:  (i) dealings and discussions between the plaintiffs and defendant; (ii)  the plaintiffs' failure to purchase goods ordered or improper rejection or return of goods ordered from the defendant; (iii) amounts due defendant from International Brands; (iv)  affirmative defenses and counterclaim;  (v) discussion with

-2-

Rolf Anderson; and (vi) Rolf Anderson's attempt to buy OSA.

      4.  Stewart E. Shepley
          Shackleford Marketing Associates
          Shackleford House, Grenville Road
          Shackleford Surrey GU8 6AX United Kingdom

Information regarding: (i) the history of dealings between the plaintiffs and defendant; (ii) documents relating to the dealings between the plaintiffs and defendant; (iii) the plaintiffs' failure to execute a contract with defendant; (iv) discussion with Rolf Anderson; (v) the purpose of the August, 1989 document; and (vi) affirmative defenses and counterclaim.

      5.  Rolf Anderson
          International Brands
          P.O. Box 443
          Farmington, CT 06034

Information regarding: (i) the plaintiffs' representation of other sellers, manufacturers or brands of liquor; (ii) the identity of such sellers, the amount of business the plaintiffs did with such sellers, and whether they were a franchise of such products; (iii) the amount of business the plaintiffs have done with the defendant over time and as part of the plaintiffs' overall business; (iv) the facts relating to the plaintiffs' claims of reliance, including the plaintiffs' claim that they spent money on advertising

-3-

and promoting the OSA name; (v) the plaintiffs' ordering substantial quantities of

product from OSA without paying for or accepting delivery of such product and the

damages caused to OSA; (vi) the marketing strategy or budgets for OSA's products;

(vii) the plaintiffs' order receipt, failure of payment and rejection of goods from OSA from

1989 through the present; and (viii) plaintiffs' failure to execute and rejection of

proposed agreements.

      B.  Documents that Old St. Andrews Limited may use to support its claims or

defenses summarized below are attached hereto:

          1.  Written communications between plaintiffs and Old St. Andrews;

          2.  Invoices and purchase orders and other documents relating to

merchandise and orders;

          3.  Ledger disclosing the annual sales of product by the defendant to the

plaintiffs;

          4.  Unsigned proposed agreements.

      C.  The following damages will be claimed:

      On June 16, 1999, the plaintiffs ordered 6,000 cases of Old St. Andrews 750

ml. Clubhouse Scotch Whiskey gift boxed and only accepted 1,200 cases, leaving 4,800

-4-

cases ordered and unpaid for.

On March 15, 1999, the plaintiffs ordered 3,000 cases of Old St. Andrews Clubhouse Millennium 24/50 ml. 3 pack with shot glasses and only accepted and paid for 2,000 cases, leaving a balance of 1,000 cases ordered and unpaid for. The balance due from plaintiffs to OSA:  $270,480.00.

D.  The defendant is unaware of any insurance policies available to satisfy part or all of the judgment which may be entered in this action.

DEFENDANT,
OLD ST. ANDREWS LIMITED

By:_____
Michael Feldman
Federal Bar #ct06649
Kristen Schultze Greene
Federal Bar #ct19013
Feldman & Hickey, LLC
Its Attorney
10 Waterside Drive, Suite 303
Farmington, CT 06032
Telephone: 860-677-0551
Facsimile: 860-677-1147

-5-

## CERTIFICATION OF SERVICE

    This certifies that a copy of the foregoing was sent via Federal Express on June 13, 2002  to the following:

Marc J. Kurzman
Madeleine F. Grossman
Dorit S. Heimer
Levett Rockwood P.C.
33 Riverside Avenue
P.O. Box 5116
Westport, CT 06881


                              _____

                              Michael Feldman

## Michael Feldman

**From:** "Michael Feldman" <michaelfeldman@feldmanhickey.com>
**To:** <MKurzman@levettrockwood.com>
**Sent:** Thursday, September 11, 2003 11:23 PM
**Subject:** Re: Intentional Brands v. Old St. Andrews

The local federal rules do not require that I even id the document, let alone produce it.

----- Original Message -----
From: <MKurzman@levettrockwood.com>
To: "Michael Feldman" <michaelfeldman@feldmanhickey.com>
Sent: Thursday, September 11, 2003 10:52 AM
Subject: Re: Intentional Brands v. Old St. Andrews


>
> I'll double check that we haven't received the signature page and get back
> to you on that issue. In terms of the Shepley letter, even assuming the
> letter was generated after the lawsuit commenced, I'm not aware of any
> authority for the proposition that you are free to withhold such a
> document, which was apparently provided by Mr. Shepley ( who has been
> identified as a witness) directly to your client and concerns the subject
> matter of this litigation. At the minimum, I believe you are under an
> obligation to provide the information necessary to allow us to evaluate
the
> efficacy of any asserted privilege claim. I'd like to avoid a motion to
> compel so please let me know if you are at least willing to provide me
with
> the information previously requested concerning the document.
>
>
>
>
>
>               "Michael Feldman"
>               <michaelfeldmanh      To:    "Julian
Haswell" <julian@osawhisky.co.uk>,
>               ickey.com>
<MKurzman@levettrockwood.com>
>                                     cc:
>               09/11/2003 10:27 PM        Subject:   Re:
Intentional Brands v. Old St.
>                              Andrews
>
>
>
>
>
> Hello Marc:
> I hope you had a pleasant trip to London.
> I thought we previously sent you the signature page; if not please let me

9/30/2003

> know. As for the Shepley document this was prepared after litigation
> commenced; therefore, no further identification or production is needed. As
> for the "licensing letter" I have requested it and will forward it to you
> upon receipt.
> Best regards,
> Michael
> ----- Original Message -----
> From: <MKurzman@levettrockwood.com>
> To: <MichaelFeldman@feldmanhickey.com>
> Sent: Friday, September 05, 2003 2:47 PM
> Subject: Intentional Brands v. Old St. Andrews
>
>
> > Michael -- still waiting for the signature page/acknowledgement
> > accompanying Julian Haswell's interrogatory responses. Also looking for a
> > response to my letter of earlier this week. Thanks. Have a good weekend.
> >
> > Marc J. Kurzman
> > Levett Rockwood P.C.
> > 33 Riverside Avenue, Westport, CT  06880
> > Tel:  (203) 222-0885   Fax:  (203) 226-8025
> > E-mail:  mkurzman@levettrockwood.com
> >
> >
> >      This transmission is intended for the sole use of the individual
> and
> >      entity to whom it is addressed, and may contain information that
> is
> >      privileged, confidential and exempt from disclosure under
> applicable
> >      law.  You are hereby notified that any dissemination,
> distribution
> >       or duplication of this transmission by someone other than the
> >       intended addressee or its designated agent is strictly
> prohibited.
> >      If your receipt of this transmission is in error, please notify
> this
> >      firm immediately by collect call (203) 222-0885, or by reply to
> this
> >                              transmission.
> >
> >
> >
>
>
>
>
>
>

>
>