```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

--------------------------------------x
                                      :
INTERNATIONAL BRANDS USA, Inc. and    :
INTERBRANDS, INC.                     :
                                      :
     Plaintiffs,                      : CIVIL ACTION NO.:
                                      :
v.                                    : 302 CV 333 (MRK)
                                      :
OLD ST. ANDREWS LIMITED               :
                                      :
     Defendant.                       : OCTOBER 23, 2003
                                      :
--------------------------------------x
```

## REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL

### INTRODUCTION

Defendant does not and cannot dispute that its principal, Julian Haswell, testified, without objection, concerning the purported substance of the Shepley Letter. Defendant's contention that it nevertheless can withhold production of the Shepley Letter as work product is incorrect. Despite its protests to the contrary, defendant has clearly waived its work product claim. Furthermore, International Brands has demonstrated substantial need for the Shepley Letter and inability to obtain the substantial equivalent of the information contained therein without undue hardship. Accordingly, International Brands' Motion to Compel should be granted.

{H:\DOCS\MJK\MEM\00074497.DOC}

**ARGUMENT**

A.  **The Defendant Waived Its Work Product Objection.**

As reflected in the transcript of his February 7, 2003 deposition, Mr. Haswell (i) volunteered that he had received a letter from Stuart Shepley (Kurzman Aff., Ex. D at 27-28) and (ii) eagerly answered, without objection, six questions concerning the substance of the Shepley Letter (Kurzman Aff., Ex. D at 28).  Defendant now asserts the bizarre argument that there was no waiver of the work product privilege because Mr. Haswell "inadvertently" testified concerning the Shepley Letter and was unaware that he could have raised a work product objection during his deposition.  Defendant's argument deserves little consideration.

Mr. Haswell was represented at the deposition by defendant's experienced counsel who had apparently been "supplied" with a copy of the Shepley Letter before the deposition (Kurzman Aff., Ex. D at 28).  Defendant's counsel was empowered by the Federal Rules of Civil Procedure, and was not at all reticent, to assert objections to questions posed by International Brands' counsel including work product and attorney/client privilege objections.[1]  See Kurzman Reply Aff., Ex. H.  No such objections were raised when questions were posed regarding the Shepley Letter.  In the

---

[1] The suggestion that defendant's counsel was concerned about exposing himself to sanctions by instructing his client not to answer questions about the Shepley Letter is absurd.  Federal Rule 30(d)(1) provided counsel with more than adequate protection had he felt it necessary instruct his client not to answer in order to preserve a privilege.  The cases identified by defendant as creating a sanction concern, Restoration Trust Corp. v. Dabney, 73 F.3d 262 (10th Cir. 1995) and Gober v. City of Leavesburgh, 197 F.R.D. 519 (M. D. Fla. 2000), involved instructions not to answer questions that counsel regarded as irrelevant.  Those cases in no way suggest that a legitimate work product objection would expose counsel to sanctions.

face of such active involvement by his counsel, Mr. Haswell's purported ignorance of the work product doctrine cannot legitimately be raised as a justification for offering testimony about the content of the Shepley Letter and then refusing to produce it.  It is clear from Mr. Haswell's deposition transcript and surrounding circumstances that a strategic decision was made to testify about the content of Shepley Letter.  That strategic decision, even if now regretted by the defendant, constitutes a waiver of the work product objection.[2]

Furthermore, defendant's unreasonable delay in asserting an objection to producing the Shepley Letter provides a separate grounds for finding a waiver.  "[A]n objection that the information sought is privileged is waived by a failure to make it within the proper time limits." United States v. 58.16 Acres of Land, 66 F.R.D. 570, 572 (E.D. Ill. 1975).  See also Perry v. Golub, 74 F.R.D. 360, 363 (N.D. Ala. 1976)(defendants' failure to timely object on the basis of privilege constituted a waiver of those objections); Cardox Corporation v. Olin Mathieson Chemical Corporation, 23 F.R.D. 27, 31 (S.D. Ill 1958)(claim of privilege waived where proper procedure for raising claim of privilege not followed by party asserting privilege).

Defendant failed to assert a work product objection to producing the Shepley Letter in its response to International

---

[2] Defendants reliance on Berg Electronics v. Molex, Inc., 875 F. Supp. 261 (D. Del. 1995) and Connecticut Mutual Life Insurance Co. v. Shields, 18 F.R.D. 448, 451 (S.D. N. Y. 1955) is also misplaced.  Those cases involved counsel's inadvertent disclosure of documents protected by the attorney/client privilege.  Those cases have no relevance whatsoever to a situation where, as here, a party seeks to avoid producing a document after testifying about its content.

Brands' First Request for Production dated June 5, 2002 which sought, *inter alia*, all documents concerning the parties' business relationship. Defendant failed to assert a work product objection when Mr. Haswell was asked, at his deposition, about the content of the Shepley Letter. And most telling, defendant failed to assert that the Shepley Letter was subject to the work product privilege until many months after Mr. Haswell's deposition. In this connection, Mr. Haswell reserved his right to read, correct and sign his deposition, a right he exercised. Kurzman Reply Aff., Ex. I. Even with the benefit (and defendant's counsel's benefit) of reviewing his deposition transcript at his leisure, Mr. Haswell never sought to correct his testimony or assert privilege with respect the Shepley Letter. It was not until International Brands' counsel repeatedly questioned defendant's counsel last August about the Shepley Letter that defendant asserted, for the first time, its work product objection. The operative case law does not permit a party to hold a privilege claim in abeyance until its opponent makes repeated demand for a document. Waiver of the work product privilege has been clearly demonstrated as regards the Shepley Letter.

**B.   Defendants Citation to Local Rule 9(d)(1) is a Red Herring.**

Defendant argues that under Local Rule 9(d)(1) it was excused from identifying the Shepley Letter on a privilege log because the Shepley Letter was created after the commencement of this action.  That argument is a red herring.  We are not dealing here with the question of whether the existence of the Shepley Letter should have been disclosed -- it plainly was at Mr. Haswell's deposition.  The issue here is whether the Shepley Letter, having been disclosed, must be produced.  Local Rule 9(d)(1) does not speak to that issue, nor does it excuse defendant from satisfying its burden of establishing work product protection for the disclosed document.  Rather, that issue must be resolved with reference to F. R. Civ. P. 26(b)(3) and the associated principles of waiver.  Because there has plainly been a waiver, the Shepley Letter is not immune from disclosure under the work product doctrine.  Furthermore, as demonstrated in International Brands' moving brief, and as further addressed below, to the extent the Shepley Letter is regarded as work product, International Brands has satisfied the requirements of Rule 26(b)(3) for its production.

**C.   If The Shepley Letter Constitutes Work Product -- Which International Brands Disputes -- International Brands Has Demonstrated Substantial Need For The Document And Cannot Obtain Equivalent Information Without Undue Hardship**

Although defendant has maintained that it is under no obligation to provide any information to International Brands to permit an assessment of defendant's work product claim, defendant now states that it is willing to submit the Shepley Letter to the

Court for _in_ _camera_ inspection. (Def.'s Br. at 4.)  Such _in_ _camera_ inspection is unnecessary if the Court agrees there has been a waiver.  If the court concludes there has been no waiver of defendant's work product claim, International Brands welcomes the Court's _in_ _camera_ inspection of the Shepley Letter.

Based on defendant's description of the circumstances giving rise to the creation of the Shepley Letter, _in_ _camera_ inspection will confirm that the Shepley Letter does not reveal the thought processes of defendant's counsel.  Additionally, _in_ _camera_ inspection will likely show that the information imparted by Mr. Shepley was not designed to assist defendant with preparation for trial.  Nevertheless, if the Court concludes that the Shepley Letter is entitled to limited work product protection, the Court will then need to consider whether International Brands has demonstrated substantial need for the document and an inability to obtain equivalent information without undue hardship.

International Brands respectfully submits that Mr. Shepley's substantial role in this case, _defendant's_ avowed intention to call Mr. Shepley as a witness, and Mr. Shepley's immunity from subpoena demonstrates substantial need for the Shepley Letter and International Brands' inability to obtain equivalent information without undue hardship.

Defendant contends that International Brands could have obtained equivalent information without undue hardship by deposing Mr. Shepley in London when it deposed Mr. Haswell in August 2003 (Def.'s Br. at 6).  Defendant however conveniently ignores that (i) unlike Mr. Shepley, the London deponents were

{H:\DOCS\MJK\MEM\00074497.DOC}6

within OSA's control and voluntarily produced by OSA, and (ii) it did not inform International Brands that it was withholding the Shepley Letter (thereby keeping International Brands unaware of the need to depose Shepley) until August 26, 2003, when the London depositions were already underway and discovery was about to close.  Having delayed the assertion of its work product claim until the last possible moment, defendant cannot, in fairness, contend that other reasonable avenues exist for securing the Shepley Letter or the information contained in the Shepley Letter.

## CONCLUSION

For all of the foregoing reasons, the Court should direct the defendant to produce a copy of the Shepley Letter.

```
                              THE PLAINTIFFS,
                              INTERNATIONAL BRANDS USA, INC.
                              AND INTERBRANDS, INC.


                              By/s/ Marc J. Kurzman
                                Marc J. Kurzman
                                Federal Bar No. ct01545
                                Dorit S. Heimer
                                Federal Bar No. ct01219
                                LEVETT ROCKWOOD P.C.
                                33 Riverside Avenue
                                Post Office Box 5116
                                Westport, Connecticut 06881
                                Telephone: (203) 222-0885
                                Facsimile: (203) 226-8025
```

**CERTIFICATION**

This is to certify that a true and correct copy of the foregoing was mailed, via first-class mail, postage pre-paid on this 23rd day of October 2003 to:

Michael Feldman, Esq.
Feldman & Hickey, LLC
10 Waterside Drive, Suite 303
Farmington, CT  06032

/s/ Marc J. Kurzman
Marc J. Kurzman

74497