**DECLARATION OF ALBERT ROBIN**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

----------------------------------------x
                         :

INTERNATIONAL BRANDS USA, Inc. and   :
INTERBRANDS, INC.                    :
                          :

    Plaintiffs,                :  CIVIL ACTION NO.:
                          :

v.                            :  302 CV 333 (MRK)
                          :

OLD ST. ANDREWS LIMITED         :
                          :

    Defendant.              :  OCTOBER   , 2003
                          :
----------------------------------------x

### DECLARATION OF ALBERT ROBIN

    Albert Robin declares under the penalty of perjury as follows:

    1.  I am an attorney duly admitted to practice in the State of New York, before the Supreme Court of the United States, and before the federal courts in New York City and in many other jurisdictions.  I am a member of the firm of Robin, Blecker & Daley located at 330 Madison Avenue, New York, New York.  As reflected in my curriculum vitae, attached as Exhibit 1, my practice is concentrated in the field of intellectual property law, in general, and trademark law, in particular. I have over forty years of experience in handling trademark matters before the United States Patent and Trademark Office ("USPTO").

{H:\DOCS\MJK\AFF\00074536.DOC ver 2}

2.    I have served as trademark counsel for International Brands USA, Inc. ("International Brands") since 2001.  On October 10, 2001, I filed with the USPTO, on behalf of International Brands, an application to register "Clubhouse" as a trademark for Scotch whisky. A copy of that application (hereinafter the "International Brands Application") is attached as Exhibit 2.

3.    The International Brands Application is based upon International Brands' use of the "Clubhouse" name in commerce since 1994, which use resulted from its importation and sale of Old Saint Andrews Scotch whisky. The Old Saint Andrews Scotch whisky also bore a "Clubhouse" label, and photographs showing "Clubhouse" as separately displayed were submitted in support of the application.

4.    According to the records of the USPTO, on October 6, 2001, Beverage Marketing USA, Inc. had filed with the USPTO an application to register the trademark "Clubhouse" for beer ("Beverage Marketing Application"), which application was cited against the International Brands Application as being earlier filed.  After the Beverage Marketing Application was published for opposition, on June 14, 2002, I filed with the USPTO, on behalf of International Brands, opposition to the Beverage Marketing Application.  A copy of that opposition is attached as

Exhibit 3.  The records of the USPTO reveal that Old St. Andrews Limited did not file opposition to the Beverage Marketing Application.

5.   On July 18, 2002 the Trademark Examining Attorney issued a notice of suspension of the International Brands Application pending disposition of International Brands' opposition to the Beverage Marketing Application.

6.   According to the on-line records of the USPTO, International Brands' opposition to the Beverage Marketing Application was sustained on February 20, 2003 and proceedings on the Beverage Marketing Application were terminated by the USPTO on February 28, 2003.  See Exhibit 4.

7.   On March 5, 2003, I filed with the USPTO a request that it resume proceedings on the International Brands Application given the termination of proceedings on the Beverage Marketing Application.  A copy of my March 5, 2003 request is annexed as Exhibit 5.

8.   Even though the International Brands Opposition to the Beverage Marketing Application was sustained on February 20, 2003, the Beverage Marketing Application will remain a citation against the International Brands Application until it is formally declared abandoned, which is a mere ministerial act. As soon as the formal abandonment is noted, suspension of the

International Brands Application will be lifted, proceedings on the International Brands Application will be resumed, the application will be published for opposition and any interested parties will have an opportunity to oppose the International Brands Application.

Pursuant to 28 U.S.C. § 1716, I declare under penalty of perjury that the foregoing is true and correct. Executed on October 23, 2003.

Albert Robin

**EXHIBIT 1**
**TO ROBIN DECLARATION**

# ALBERT ROBIN

Graduate, Yale University, A.B., 1952; Harvard Law School, LL.B., 1955.

Concentrates in Trademark and Unfair Competition Law.

Member, American Bar Association (Committee on Franchising - Governing Committee (1977-1982); Council, Section of Patent, Trademark and Copyright Law (1983-1987)); Member, American Intellectual Property Law Association (Board of Directors (1977-1980, 1987-1990)); Member, Trademark Review Commission (1986-1988); Member, The New York Intellectual Property Law Association (President (1981-1982)); Counsel, International Trademark Association (1976-1979); Member, Commerce Department Public Advisory Committee for Trademark Affairs (1979-1995); Member, The Association of the Bar of the City of New York (Chairman, Committee on Trademarks and Unfair Competition (1970-1973)); Member, CPR/INTA Trademark Mediation Panel (2000 - ).

Lecturer on trademark issues before various organizations, including the Institute of Continuing Legal Education (Michigan), the Institute of Trade Mark Agents (United Kingdom), International Trademark Association, Practicing Law Institute and American Intellectual Property Law Association, and local intellectual property law associations.

*Articles Published*:

- *Equitable Defenses in Opposition Proceedings - Where Did They Go?*, 36 IDEA 55 (1995) (Co-Authored with Howard B. Barnaby).
- *The Defense of a Trademark Infringement Case*, 32 IDEA 383 (1992).
- *Trademark Surveys: Heads You Lose, Tails They Win*, 73 Trademark Rep. 436 (1985) (Co-Authored with Howard B. Barnaby).
- *Comparative Advertising: A Skeptical View*, 67 Trademark Rep. 358 (1977).
- *Advertising and the Law: How Far Does Protection Extend*, 64 Trademark Rep. 173 (1974).
- *TRT - A Domestic View*, Vol. II, No. 2, APLA Quarterly Journal (1974).
- *Current Legal Developments in Franchising*, 60 Trademark Rep. 212 (1970).
- *Ipso Facto Clauses*, Vol. 1, No. 3, Newsletter of the Forum Committee on Franchising.
- *Trademark Licensing and the FTC Franchising Rule*, Vol. 1, No. 1, Newsletter of the Forum Committee on Franchising.

*Reported Cases:*

- *Alfred Dunhill Ltd. v. Albert*, 1996 WL 5458 (E.D. Pa. 1996).

- *Alfred Dunhill Ltd. v. Dunhill Compact Classics Inc.*, 11 U.S.P.Q. 2d 1078 (C.D. Cal. 1988).
- *Alfred Dunhill of London, Inc. v. Dunhill Tailored Clothes, Inc.*, 510 F. Supp. 1158 (S.D.N.Y. 1981).
- *American Home Products Corp. v. Morton-Norwich Products, Inc.*, 202 U.S.P.Q. 824 (S.D.N.Y. 1978).
- *American Television and Communications Corp. v. American Communications and Television, Inc.*, 810 F.2d 1546, 1 U.S.P.Q.2d 2084 (11th Cir. 1987).
- *Andy Warhol Enters., Inc. v. Time Inc.*, 700 F. Supp. 760, 9 U.S.P.Q.2d 1454 (S.D.N.Y. 1988).
- *Best Lock Corp. v. Schlage Lock Co.*, 413 F.2d 1195, 162 U.S.P.Q. 552 (C.C.P.A. 1969).
- *Borden, Inc. v. Kraft, Inc.*, 224 U.S.P.Q. 811 (N.D. Ill. 1984).
- *Cadbury Beverages, Inc. v. Cott Corporation, Cott Beverages USA, Inc.*, 73 F.3d 474, 37 U.S.P.Q.2d 1508 (2d Cir. 1996).
- *Caterpillar Tractor Co. v. Earthworm Tractor Co., Inc.*, 212 U.S.P.Q. 380 (S.D.N.Y. 1981).
- *Charles Jacquin Et Cie, Inc. v. Destileria Serralles, Inc.*, 921 F.2d 467, 17 U.S.P.Q.2d 1104 (3d Cir. 1990).
- *D. Brooks, Ltd. v. Brooks Fashion Stores, Inc.*, 1 U.S.P.Q. 2d 1128 (D. Colo. 1986).
- *Daisy Group, Ltd. v. Newport News, Inc.*, 999 F. Supp. 548, 46 U.S.P.Q.2d 1856 (S.D.N.Y. 1998).
- *Fashion Television Assocs., L.P. v. Spiegel, Inc.*, 849 F. Supp. 19 (S.D.N.Y. 1994).
- *Ferrari S.p.A. v. Roberts*, 944 F.2d 1235, 20 U.S.P.Q.2d 1001 (6th Cir. 1991).
- *Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Ohio*, 849 F.2d 1012 (6th Cir. 1988).
- *GB Elec. Inc. v. Thomas & Betts Corp.*, 37 U.S.P.Q. 2d 1177 (E.D. Wis. 1995).
- *The Goodyear Tire and Rubber Company v. Interco Tire Corporation*, 49 U.S.P.Q.2d 1705 (T.T.A.B. 1998).
- *Henry I. Siegel Co. v. A. & F. Originals, Inc.*, 225 U.S.P.Q. 626 (T.T.A.B. 1985).
- *Henry I. Siegel Co. v. M. & R. International Mfg. Co.*, 4 U.S.P.Q. 2d 1154 (T.T.A.B. 1987).
- *IDV North America Inc. v. S & M Brands, Inc.*, 26 F. Supp. 2d 815 (E.D. Va., 1998).
- *IDV North America, Inc. substituted for the Paddington Corporation nl v. Chatham International Incorporated*, Opposition No. 101,522, 1999 T.T.A.B. 1999).
- *In re United Distillers p.l.c.*, 56 U.S.P.Q.2d 1220 (T.T.A.B. 2000).
- *In re Conus Communications Company Limited Partnership and Viacom Satellite News Inc.*, 23 U.S.P.Q.2d 1717 (T.T.A.B. 1992).
- *In re Alfred Dunhill Limited*, 224 U.S.P.Q. 501 (T.T.A.B. 1984).
- *Kentucky Fried Chicken Corp. v. Smith*, 351 F. Supp. 1311, 175 U.S.P.Q. 154 (E.D. Mich. 1972).

- *Leopold v. Henry I. Siegel Co.,* 2 U.S.P.Q. 2d 1715 (S.D.N.Y. 1986).
- *Miss Asia Beauty Pageant Association (U.S.A.), Inc. v. A. L. Models, Inc.,* Cancellation No. 25,433 (T.T.A.B. 2000).
- *Norris Indus., Inc. v. Best Universal Lock Co.,* 296 F. Supp. 372, 159 U.S.P.Q. 364 (S.D. Ind. 1968).
- *Otis Elevator Company v. Schindler Aufzuge AG, Consolidated,* Opposition Nos. 93,526 and 95,936; Cancellation No. 22,550. (T.T.A.B. 1998).
- *Romacorp, Inc. v. TR Acquisition Corp.,* 29 F.3d 620 (2d Cir. 1994).
- *Ross Bicycles, Inc. v. Cycles USA, Inc.,* 765 F.2d 1502, 226 U.S.P.Q. 879 (11th Cir. 1985).
- *Scholastic, Inc. v. Macmillan, Inc.,* 650 F. Supp. 866, 2 U.S.P.Q.2d 1191 (S.D.N.Y. 1987).

- *Somerset Distilling, Inc., by change of name from Distillers Production (USA) Inc. v. Speymalt Whiskey Distributors Ltd.,* 14 U.S.P.Q.2d 1539 (T.T.A.B. 1989).
- *Spencer v. VDO Instruments, Ltd.,* 352 F.2d 784, 147 U.S.P.Q. 380 (6th Cir. 1965).
- *Tetley, Inc. v. Topps Chewing Gum, Inc.,* 556 F. Supp. 785, 217 U.S.P.Q. 1128 (E.D.N.Y. 1983).
- *Time Inc. Magazine Co. v. Globe Communications Corp.,* 712 F. Supp. 1103, 10 U.S.P.Q.2d 1915 (S.D.N.Y. 1989).
- *Vision, Inc. v. Parks,* 610 F. Supp. 927, 226 U.S.P.Q. 924 (S.D.N.Y. 1985).
- *Vitarroz Corp. v. Borden, Inc.,* 644 F.2d 960, 209 U.S.P.Q. 969 (2d Cir. 1981).
- *Wallpaper Mfrs., Ltd. v. Crown Wallcovering Corp.,* 680 F.2d 755, 214 U.S.P.Q. 327 (C.C.P.A. 1982).
- *Whipp Creations Inc. v. Brooks Fashion Stores Inc.,* 10 U.S.P.Q. 2d 1077 (N.Y. Sup. Ct. 1988).

**EXHIBIT 2**
**TO ROBIN DECLARATION**

PTO Form 1478 (Rev 9/98)
OMB Control #0651-0009 (Exp. 08/31/2004)

# ~TRADEMARK/SERVICE MARK Application~

## * To the Commissioner for Trademarks *

<DOCUMENT INFORMATION>
<TRADEMARK/SERVICEMARK APPLICATION>
<VERSION 1.23>

**<APPLICANT INFORMATION>**
<NAME>  International Brands USA, Inc.
<STREET>  42 Mountain Road
<CITY>  Farmington
<STATE>  CT
<COUNTRY>  USA
<ZIP/POSTAL CODE>  06032

**<APPLICANT ENTITY INFORMATION>**
<CORPORATION: STATE/COUNTRY OF INCORPORATION>  Delaware

**<TRADEMARK/SERVICEMARK INFORMATION>**
<MARK>  CLUBHOUSE
<TYPED FORM>  Yes
~ Applicant requests registration of the above-identified trademark/service mark in the United States Patent and Trademark Offic
on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq., as amended). ~

**<BASIS FOR FILING AND GOODS/SERVICES INFORMATION>**
<USE IN COMMERCE: SECTION 1(a)>  Yes
~ Applicant is using or is using through a related company the mark in commerce on or in connection with the below-identified
goods/services. (15 U.S.C. Section 1051(a), as amended.). Applicant attaches one SPECIMEN for each class showing the mark
as used in commerce on or in connection with any item in the class of listed goods and/or services. ~
<SPECIMEN>  Yes
<SPECIMEN DESCRIPTION>  Box for the goods
<INTERNATIONAL CLASS NUMBER>  033
<LISTING OF GOODS AND/OR SERVICES>  Scotch whisky
<FIRST USE ANYWHERE DATE>  00/00/1994
<FIRST USE IN COMMERCE DATE>  00/00/1994

**<ATTORNEY INFORMATION>**
<NAME>  Albert Robin
<STREET>  330 Madison Avenue
<CITY>  New York
<STATE>  NY
<COUNTRY>  USA
<ZIP/POSTAL CODE>  10017
<E-MAIL ADDRESS>  arobin@rbd-law.com
<AUTHORIZE E-MAIL COMMUNICATION>  Yes
<FIRM NAME>  Robin, Blecker & Daley
<TELEPHONE NUMBER>  212-682-9640
<FAX NUMBER>  212-682-9648
<ATTORNEY DOCKET NUMBER>  1011-001
<OTHER APPOINTED ATTORNEY(S)>  Howard B. Barnaby, John J. Torrente, Marylee Jenkins, Ned W. Branthover, Roberta Kraus, an
Alexandra B. Urban

**<FEE INFORMATION>**
<TOTAL FEES PAID>  325
<NUMBER OF CLASSES PAID>  1
<NUMBER OF CLASSES>  1

**<LAW OFFICE INFORMATION>**
~ The USPTO is authorized to communicate with the applicant's attorney at the below e-mail address ~

<E-MAIL ADDRESS FOR CORRESPONDENCE>   arobin@rbd-law.com

**<SIGNATURE AND OTHER INFORMATION>**
~ **PTO-Application Declaration**: The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true. ~
<SIGNATURE>   /albert robin/
<DATE>   10/10/2001
<NAME>   Albert Robin
<TITLE>   Attorney for Applicant

The information collected on this form allows the USPTO to determine whether a mark may be registered on the Principal or Supplemental register, and provides notice of an applicant claim of ownership of the mark. Responses to the request for information are required to obtain the benefit of a registration on the Principal or Supplemental register. 15 U.S.C. §§1051 seq. and 37 C.F.R. Part 2. All information collected will be made public. Gathering and providing the information will require an estimated 12 or 18 minutes (depending if the application based on an intent to use the mark in commerce, use of the mark in commerce, or a foreign application or registration). Please direct comments on the time needed to complete this form and/or suggestions for reducing this burden to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Washington D.C. 20231. Please note the PTO may not conduct or sponsor a collection of information using a form that does not display a valid OMB control number.

**Drawing Page**
**Date/Time Stamp:** Wednesday, 10-10-2001 10:02:46 EDT

**Applicant:**
International Brands USA, Inc.
42 Mountain Road
Farmington , CT 06032
USA

**Date of First Use Anywhere:** 00/00/1994
**Date of First Use In Commerce:** 00/00/1994

**Goods and Services:**
Scotch whisky

**Mark:**

CLUBHOUSE



**Success!**

We have received your application and assigned serial number 78/087660 to your submission. We will send an Email summary of the application data to **arobin@rbd-law.com**, which will be your official filing receipt. For electronically-submitted applications, the USPTO will no longer mail an additional paper filing receipt. However, since e-mail is not always reliable, please print out and save this notice. If the USPTO later determines that no filing date was justified, your submission will be returned, and your filing fee will be refunded. You would then have the opportunity to cure the deficiency, and re-file the application. Thank you.

NOTE: Do **NOT** send a duplicate paper copy of this filing to the USPTO, as it will interfere with the proper processing of the electro submission and will result in your being charged for two filings, neither of which can be refunded.

**TEAS support team**
**Wednesday, 10-10-2001 10:06:54 EDT**



**Trademark Electronic Application System (TEAS) service**
**U.S. Patent and Trademark Office**

# EXHIBIT 3
# TO ROBIN DECLARATION

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

In the Matter of Application Serial No. 76/321524
Published in the Official Gazette on June 11, 2002

- - - - - - - - - - - - - - - - - -x

INTERNATIONAL BRANDS USA, INC.,        :

                         Opposer,      :

            v.                         :      Opposition No.

BEVERAGE MARKETING USA, INC.,          :

                         Applicant.    :

- - - - - - - - - - - - - - - - - -x


## NOTICE OF OPPOSITION

    International Brands USA, Inc., a Delaware corporation,

located and doing business at 42 Mountain Road, Farmington,

Connecticut 06032(hereinafter referred to as "Opposer"), believes

that it will be damaged by registration of the mark shown in

Application Serial No. 76/321524 and hereby opposes the same.

    As grounds of opposition, it is alleged:

    1.    Beverage Marketing USA, Inc. (hereinafter referred to

as "Applicant") is not now and never was entitled to appropriate

or register as a trademark the designation CLUBHOUSE for which it

seeks registration in its Application Serial No. 76/321524

published on page TM 571 of the Official Gazette of June 11, 2002

(Volume 1259, No. 2), for the goods set forth therein.

    2.    Applicant was not entitled to the exclusive use of

the designation CLUBHOUSE for which it seeks registration in its Application No. 76/321524, either on October 5, 2001, the date of the filing of the application for registration therefore, or on June 11, 2002, the date of publication thereof in the Official Gazette.

3.   Since prior to October 5, 2001, Applicant's filing date, Opposer has been and now is engaged in the business of importing and selling distilled spirits.

4.   Since prior to October 5, 2001, Opposer has used CLUBHOUSE as a trademark for some of the distilled spirits which it imports and sells.

5.   On October 10, 2001, Opposer filed in the United States Patent and Trademark Office Application Serial No. 78/087660 to register CLUBHOUSE as a trademark for Scotch whisky.

6.   On December 26, 2001, the United States Patent and Trademark Office issued an action suspending action on Application Serial No. 78/087660 pending the disposition of Application Serial No. 75/400764, which application has since been abandoned, and Application Serial No. 76/321524, the application hereby opposed.

7.   In Application Serial No. 76/321524 Applicant seeks to register CLUBHOUSE as a trademark for beer.

8.   The designation CLUBHOUSE, which Applicant seeks to register, so resembles CLUBHOUSE, as previously used by Opposer,

as to be likely to cause confusion, or to cause mistake, or to deceive.

WHEREFORE, Opposer prays that said Application Serial No. 76/321524 be rejected and that registration of the designation CLUBHOUSE as a trademark to Applicant be refused and denied.

Opposer appoints Albert Robin, Howard B. Barnaby, John J. Torrente, Marylee Jenkins, Ned W. Branthover, Roberta Kraus and Alexandra B. Urban, of Robin, Blecker & Daley, 330 Madison Avenue, Second Floor, New York, New York 10017, attorneys at law, to act as its attorneys in the above-identified opposition, to prosecute said opposition, to transact all business in the Patent and Trademark Office and the United States Courts in connection with said opposition, and to sign their names to all documents which may hereinafter be filed in connection with said opposition and to receive all official communication relating to the same.

Please direct all communications to Albert Robin.

Dated:  New York, New York
        June 14, 2002

Albert Robin
Robin, Blecker & Daley
Attorneys for Opposer
330 Madison Avenue
New York, New York 10017
(212) 682-9640

# EXHIBIT 4
# TO ROBIN DECLARATION

**Adversary Proceeding Data**

Proceeding Number: 91152592
Proceeding Status and Date: Terminated 2003-02-28
Interlocutory Attorney Name: ANDREW P BAXLEY
Proceeding Location: 845 - TTAB
Proceeding Location Date: 2003-02-28
Proceeding Charged To Location:
Proceeding Charged To Employee Name:
Date Proceeding Filed: 2002-06-17

Prosecution History

| Entry# | Entry Date | Due Date | History Text |
|---|---|---|---|
| 7 | 2003-02-28 | | TERMINATED |
| 6 | 2003-02-20 | | BOARD'S DECISION: SUSTAINED |
| 5 | 2003-02-19 | | DELETE ENTRY |
| 4 | 2002-11-30 | | NOTICE OF DEFAULT |
| 3 | 2002-08-22 | | PENDING, INSTITUTED |
| 2 | 2002-08-22 | 2002-10-01 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: |
| 1 | 2002-06-17 | | FILED AND FEE |

Defendant Name Information:
BEVERAGE MARKETING USA, INC.
Owner Address:
1890 PALMER AVENUE
LARCHMONT, NY 10538
Correspondence Address:
LISA B. LANE
SYNNESTVEDT & LECHNER LLP
2600 ARAMARK TOWER, 1101 MARKET STREET
PHILADELPHIA, PA 19107-2950

Defendant Property Information:
Serial Number: 76321524
Registration Number: 0
International Classes: 032
Application Status: 774 - An opposition is now pending at the Trademark Trial and Appeal Board.
Application Status Date: 2002-08-22
Application Location: 845 - TTAB
Application Date in Location: 2002-10-07
Law Office Assigned: L80 - TMEG Law Office 108
Attorney: Lisa B. Lane
Domestic Representative:
Application Charged to Location: 85D - TTAB Team A Potential Pending Shelf
Application Charged to Employee:
Registration Date:
Examiner Name: SAMUEL E SHARPER JR
Mark: CLUBHOUSE
Application Filing Date: 2001-10-05

Plaintiff Name Information:
INTERNATIONAL BRANDS USA, INC.

Owner Address:
42 MOUNTAIN ROAD
FARMINGTON, CT 06032
Correspondence Address:

**ALBERT ROBIN**
**ROBIN BLECKER & DALEY**
**330 MADISON AVENUE**
**NEW YORK, NY 10017**

**Plaintiff Property Information:**
**Serial Number: 78087660**
**Registration Number: 0**
**International Classes: 033**
**Application Status: 653 - An office action suspending further action on the application has been mailed.**
**Application Status Date: 2003-05-09**
**Application Location: M30 - TMO Law Office 112**
**Application Date in Location: 2003-05-15**
**Law Office Assigned: M30 - TMO Law Office 112**
**Attorney: Albert Robin**
**Domestic Representative:**
**Application Charged to Location: M3J - TMO Law Office 112 - Centralized Suspended Docket**
**Application Charged to Employee:**
**Registration Date:**
**Examiner Name: FLORENTINA BLANDU**
**Mark: CLUBHOUSE**
**Application Filing Date: 2001-10-10**

**EXHIBIT 5
TO ROBIN DECLARATION**

1011-001

UNITED STATES PATENT AND TRADEMARK OFFICE
TRADEMARK EXAMINING OPERATION

- - - - - - - - - - - - - - - - - - - - - - - - - x

In re the Application of                              :

International Brands USA, Inc.                        :

To Register the Trademark                             :

     CLUBHOUSE                 : Juan D. Rodriguez

Serial No. 78/087660                                 : Trademark Examining Attorney
                Law Office 112

Filed:  October 10, 2001                              :

- - - - - - - - - - - - - - - - - - - - - - - - - x

                            330 Madison Avenue
                            New York, NY 10017
                            March 5, 2003

Commissioner for Trademarks
Box Responses – No Fee
2900 Crystal Drive
Arlington, VA 22202-3513

Madame:

      On July 18, 2002, the Trademark Examining Attorney issued a Notice of Suspension

pending the disposition of the opposition to Application Serial No. 76/321514.

      Enclosed is a copy of the Adversary Proceeding data showing the opposition to

Application Serial No. 76/321514 was sustained on February 20, 2003 and the proceeding

terminated.

Applicant respectfully requests that the Suspension be lifted and that its application be published for opposition on the earliest possible date.

Respectfully submitted,

Albert Robin
Attorney for Applicant
(212) 682-9640