UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INTERNATIONAL BRANDS USA, INC. | : | |
| and INTERBRANDS, INC. | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | NO. 3:02CV333(MRK) |
| v. | : | |
| | : | |
| OLD ST. ANDREWS LIMITED | : | |
|     Defendant. | : | |
| | : | |

**ENDORSEMENT AND SCHEDULING ORDER [doc. #42]**

The parties having conferred with the Court on December 2, 2003 in the above-captioned matter and having addressed the Plaintiff's Motion to Compel [doc. #42], for the reasons set forth below the Motion to Compel is hereby GRANTED.

The Court is skeptical of defendant's assertion that the Shepley Letter is protected by the work product doctrine. According to defendant, its Managing Director, Julian Haswell, who is not a lawyer, approached Stewart Shepley (a nonparty fact witness) shortly after the filing of the complaint in this action and asked Shepley to send Haswell a letter setting forth Shepley's recollections of the events underlying this dispute. Haswell says that his purpose in asking for the letter was "in connection with *my* investigation into pending litigation, which I intended to and did share with my counsel." Haswell Declaration ¶ 6 (emphasis added). While the language of Fed. R. Civ. P. 26(b)(3) refers to documents "prepared in anticipation of litigation or for trial by *or for* another party" (emphasis added), the Court does not believe that the Shepley Letter falls within either the terms or intent of Rule 26(b)(3). The Court concludes that defendant has failed

1

to satisfy its burden of establishing that the Shepley Letter is protected by the work product doctrine.

Even if the Shepley Letter qualified for work product protection, the Court finds that defendant waived the protection of the doctrine by failing to object to Haswell's deposition testimony concerning the contents of the Shepley Letter. As the deposition transcript shows, Haswell was permitted to testify freely about the contents of the letter during his deposition; neither Haswell nor defendant's counsel interposed any objection whatsoever to plaintiff's questions regarding the contents of the Shepley Letter. While defendant claims that any waiver on its part was inadvertent, the Court finds no basis for that claim in the record. Therefore, defendant has failed to carry its burden of showing that its waiver of any work product protection was inadvertent.

Finally, and in any event, even if the Shepley Letter were protected by the work product doctrine and even if there were no waiver, the Court finds on the basis of the affidavits and other papers submitted that: (1) that plaintiff has shown a substantial need for the Shepley Letter; (2) that because Shepley is a nonparty located in the United Kingdom, plaintiff is unable without undue hardship to obtain the substantial equivalent of the materials through other means; and (3) that if the court requires defendant to produce the Shepley Letter, there will be minimal, if any, harm to the interests that the work product doctrine is designed to protect. *See* Fed. R. Civ. P. 26(b)(3).

Accordingly, Plaintiff's Motion to Compel [doc. #42] is GRANTED. Defendant shall produce the Shepley Letter within 15 days of the date of this order. Each party shall bear its own costs in connection with the Motion to Compel.

With regard to scheduling of briefing on Plaintiff's Motion for Summary Judgment [doc. # 48], defendant shall have until **January 9, 2004** to file its response to Plaintiff's Summary Judgment Motion, and plaintiff shall file its reply no later than **January 30, 2004**.

                                IT IS SO ORDERED

                              /s/        Mark R. Kravitz
                                            U.S.D.J.

Dated at New Haven, Connecticut: December 3, 2003