UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INTERNATIONAL BRANDS USA, INC. and INTERBRANDS, INC. | : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 3:02CV333(MRK) |
| v. | : : | |
| OLD ST. ANDREWS LIMITED Defendant. | : : : | December 17, 2003 |

## ORDER

The parties having agreed to an April 2004 trial date, the Court sets the following schedule:

1. Trial will commence in this case at **10:00 a.m. on Monday, April1 19, 2004**.

2. A final pre-trial conference will be held at **2:00 p.m. on Friday, April 2, 2004**.

    **TRIAL COUNSEL MUST ATTEND THE FINAL PRE-TRIAL CONFERENCE.**

3. The Parties' Joint Trial Memorandum (instructions are attached) is due **March 24, 2004**.

4. A TELEPHONIC STATUS CONFERENCE WILL BE HELD ON **FEBRUARY 17, 2004 AT 9:30 A.M.** Plaintiff's counsel will initiate the conference call.

Plaintiff's pending Motion For Summary Judgment [Doc. #48 ] is **DENIED** without prejudice and without consideration of the merits with the expectation that the issues will be raised at trial.

SO ORDERED

/s/       Mark R. Kravitz
U.S.D.J.

Dated at New Haven, Connecticut: December 17, 2003

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**JOINT TRIAL MEMORANDUM INSTRUCTIONS IN NONJURY CASES
FOR THE HONORABLE MARK R. KRAVITZ (revised 11/03)**

The parties shall jointly prepare and submit for the Court's approval a Joint Trial Memorandum in compliance with Local District Civil Rule 6 and the District's Standing Order Regarding Trial Memoranda in Civil Cases as modified in these instructions. **In addition to filing an original of the Joint Trial Memorandum with the Clerk of the Court, counsel shall also provide Chambers with a courtesy copy of the Joint Trial Memorandum and all attachments, both in hard copy and on a 3 $^{1/2}$" computer diskette in WordPerfect 10.0 format.** The Joint Trial Memorandum shall contain the following information:

(1)   *TRIAL COUNSEL*: Counsel shall list the names, addresses, telephone numbers, fax numbers and e-mail addresses of the attorney(s) who will try the case. Trial counsel must attend the pre-trial conference, unless excused by the Court.

(2)   *JURISDICTION*: Counsel shall set forth the basis for federal jurisdiction.

(3)   *LENGTH OF TRIAL*: Counsel shall set forth a realistic estimate of trial days required based on the expected length of testimony for each witness.

(4)   *FURTHER PROCEEDINGS*: Specify, with reasons, the necessity of any further proceedings prior to trial.

(5)   *NATURE OF CASE*: Counsel for both parties shall separately state the nature of each cause of action and the relief sought. If appropriate, state the nature of any cross-claims, counterclaims and/or affirmative defenses.

(6)   *STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW*:

(a) Counsel for both parties shall confer in an effort to enter into a written stipulation of uncontroverted facts and agreed principles of law.

(b) As described below, each party shall submit with the Joint Trial Memorandum specific proposed findings of fact and conclusions of law necessary to support a judgment in that party's favor. Each plaintiff shall first serve proposed findings of fact and conclusions of law on the defendant two (2) weeks before the date on which the Joint Trial Memorandum is due. Each defendant shall then serve on each plaintiff answering proposals within seven (7) days of the date on which the Joint Trial Memorandum is due.

(c) Plaintiff's proposals shall include (a) a narrative statement of all facts proposed to be proved and (b) a concise statement of plaintiff's legal contentions and the authorities

supporting them. Plaintiff's proposals shall be set forth in simple declarative sentences in consecutively numbered paragraphs and shall identify the witness, exhibit or document that supports each proposed factual finding. Plaintiff will also provide a statement of legal conclusions necessary to demonstrate the liability of each defendant. Such conclusions of law will be stated in separately numbered, consecutive paragraphs followed by the citations of all authorities that support each such conclusion.

(d) So far as possible, each defendant's answering proposals will correspond to plaintiff's proposals. Each defendant's factual statement will admit or deny each separate sentence contained in the narrative statement of facts of each plaintiff. Each separate sentence of each defendant's response shall bear the same number as the corresponding sentence in the plaintiff's narrative statement of facts. Each defendants statement of proposed conclusions of law shall respond directly to plaintiff's separate legal contentions and shall contain such additional contentions of the defendant as may be necessary to support a ruling in the defendant's favor.

(7) <u>TRIAL BRIEFS</u>: There will be no post-trial briefs. Counsel are permitted to file a pre-trial brief along with the Joint Trial Memorandum setting forth the reasons why the Court should rule in their client's favor.

(8) <u>WITNESSES</u>: Counsel shall set forth the names and addresses of each witness to be called at trial.

(a) In cases where the parties have not agreed in advance to submit the direct testimony of witnesses in statement form, counsel shall set forth the names and addresses of each witness to be called at trial, including a brief summary of the anticipated testimony and the expected duration of the witness's testimony. Counsel shall indicate which witnesses are likely to testify and which witnesses will be called only if the need arises. For each expert witness, set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. Also state the area of the witness's expertise and attach a curriculum vitae, if available.

(b) In those cases where the parties have agreed to submit direct testimony of witnesses in statement form, counsel shall prepare a statement setting forth in declaratory form all of the facts to which each witness will testify. The facts will be stated in narrative form, not question and answer. The statement shall contain all of that witness's testimony so that a person reading it will know all of the relevant facts to which the witness would testify. The witness statement should not be sworn or notarized. Documents to be offered as exhibits should not be attached to the witness statements but should be pre-marked and exchanged as indicated below. Witness statements will be required of the parties and other witnesses under their control, such as employees, contractors, experts, associates, etc. They are not to be used for adverse parties or for persons whose attendance is compelled by subpoena.

(c) At trial, each witness whose direct testimony has previously been submitted in statement form shall take the stand and under oath shall adopt the statement as true and correct. The party offering the witness shall then offer the statement as an exhibit, subject to appropriate objections by the opposing party on which the court will then rule. For good cause shown, the witness may be allowed to supplement his/her statement by any additional live direct testimony. Thereafter, cross-examination shall proceed in the ordinary course, followed by redirect, etc.

(d) Each plaintiff will serve its witness statements on all defendants along with their proposed findings of fact and conclusions of law two (2) weeks before the Joint Trial Memorandum is due and shall file all such witness statements along with the Joint Trial Memorandum. Each defendant shall serve its witness statements on all plaintiffs along with its proposed findings of fact and conclusions of law seven (7) days before the Joint Trial Memorandum is due and shall file a copy of all such witness statements with the Joint Trial Memorandum.

**NOTE: Witnesses not included in this portion of the Joint Trial Memorandum shall not be permitted to testify at trial, except for good cause shown.**

(9) _TRIAL EXHIBITS_: Counsel shall attach a list of all exhibits – including a brief description of their contents – to be offered at trial. The parties shall mark all exhibits numerically with exhibit tags (which will be provided by the Clerk's Office upon request) starting with Plaintiff's Exhibit "1" and Defendant's Exhibit "501." Where there are multiple plaintiffs or defendants, counsel shall coordinate exhibit identification to ensure that exhibit numbers are not duplicated. Copies of the actual exhibits shall be exchanged no later than seven (7) days prior to submission of the Joint Trial Memorandum, with one complete copy of the exhibits (in a binder if substantial) to Judge Kravitz three (3) days before the pretrial conference. One (1) day before trial, counsel shall deliver to the Courtroom Deputy the original set of exhibits along with an exhibit list pursuant to Local District Civil Rule 14(b).

**NOTE: Exhibits not listed will not be admitted at trial, except for good cause shown.**

Any objection to the admissibility of any exhibit must be stated in this section of the Joint Trial Memorandum, along with a brief statement of the grounds and authority supporting the objection as well as a brief statement from the proponent of the exhibit or witness regarding admissibility.

**NOTE: All listed exhibits shall be deemed admissible unless there is an explicit objection stated to the exhibit.**

(10) _DEPOSITION TESTIMONY_: Counsel shall list each witness who is expected to testify by deposition at trial. Such list will include a designation by page references of the deposition transcript which each party proposes to read into evidence. Cross-designations shall be listed

as provided by Fed. R. Civ. P. 32(a)(4). The list shall include all objections to deposition designations. A marked-up version of the deposition transcript should also be submitted (blue for plaintiff; red for defendant).

**NOTE: Objections not stated in the Joint Trial Memorandum will be deemed waived, except for good cause shown.**

(11)     *ANTICIPATED EVIDENTIARY PROBLEMS*: Counsel shall list any evidentiary problems anticipated by any party and shall attach to the Joint Trial Memorandum motions in limine along with memoranda of law concerning any anticipated evidentiary problems.