UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
5  9 25 AM '04

-----------------------------------------------------------x

INTERNATIONAL BRANDS USA, Inc. and
INTERBRANDS, INC.

    Plaintiffs,

v.

OLD ST. ANDREWS LIMITED

    Defendant.

CIVIL ACTION NO.:

302 CV 333 (MRK)

MARCH 4, 2004

-----------------------------------------------------------x

## PLAINTIFFS' MOTION FOR IMMEDIATE STATUS CONFERENCE

Plaintiffs International Brands USA, Inc. and Interbrands, Inc., (collectively "International Brands") respectfully move for an immediate status conference with the Court to address the following developments:

    1.    At approximately noon on Wednesday, March 3, 2004, the undersigned counsel for International Brands received from Attorney Michael Feldman, counsel for Defendant Old St. Andrews Limited, ("OSA"), a copy of a notice advising that OSA (apparently now named Shruth Limited) had decided to commence voluntary liquidation proceedings in the United Kingdom ("UK"). The notice and associated papers received from Attorney Feldman are attached as "Exhibit A."

    2.    Attached as Exhibit B is an excerpt from the "Mini Guide" published by Halliwell Landau, a law firm practicing corporate insolvency law in the UK. Based on the

information provided by Halliwell Landau, it would appear that the commencement of voluntary liquidation proceedings does not automatically stay judicial proceedings against the liquidating company. Nevertheless, OSA's liquidation raises several concerns including:

- Whether the liquidator (who is to be appointed on March 12, 2004) will authorize OSA's counsel to continue defending this lawsuit.
- Whether it is an appropriate use of the Court's time and the plaintiffs' resources to proceed with trial, currently scheduled to commence on April 19, 2004, against a company that now apparently asserts to be judgment proof.

3.      The undersigned has been advised by Attorney Feldman that he was unaware of the OSA liquidation proceeding prior to March 2nd and that, given the liquidation proceeding, his status and authority to act for OSA is now uncertain. That issue may not be resolved until the liquidator is appointed.

4.      Under the Court's Order dated December 17, 2003, a substantial amount of pre-trial work must be completed by the parties' counsel within the next three weeks in preparation for a five day trial in which, it now appears, OSA may not even participate. In fairness, the issue of whether OSA will continue to defend this lawsuit ought to be resolved before International Brands continues to invest time, money and resources into trial preparation.

5.      Accordingly, International Brands respectfully request that the Court convene a status conference at the earliest possible opportunity to discuss the impact of OSA's

voluntary insolvency proceeding on the trial schedule and existing pre-trial deadlines. Defendant's counsel joins in this request.

THE PLAINTIFFS,

By: _____
Marc J. Kurzman
Federal Bar No. ct01545
SANDAK HENNESSEY & GRECO, LLP
970 Summer Street
Stamford, CT 06905
203-425-4200
203-325-8608 (fax)
mkurzman@shglaw.com

## **CERTIFICATION**

This is to certify that a true and correct copy of the foregoing was transmitted via facsimile and mailed via first-class mail, postage pre-paid, on this 4th day of March, 2004 to defendant's counsel of record:

Michael Feldman
Feldman & Hickey, LLC
10 Waterside Drive, Suite 303
Farmington, CT 06032
Fax: (860) 677-1147

_____
Marc J. Kurzman

3

# EXHIBIT A

# Shruth Limited (Formerly Old St Andrews Ltd)

Correspondence to Old St Andrews Ltd
Kingswood Court, 1 Hemlock Close, Kingswood, Surrey, KT20 6QW
Telephone 01737 830763   Fax 01737 830812

**TO ALL CREDITORS**

Feldman & Hickey LLC
Waterside Office Park
10 Waterside Drive Suite 303
Farmington
Connecticut, USA

26th February 2004

Dear Sirs,

The Directors of the Company, having regard to its financial position, have decided to commence liquidation proceedings.

Please find enclosed formal notice convening a Meeting of Creditors together with forms of General and Special Proxy.

In order to assist in the preparation of a Statement of Affairs, for presentation at the Meeting, we should be grateful if you would send a detailed statement of your account to Mark Goldstein Associates, Kingswood Court, 1 Hemlock Close, Kingswood, Surrey, KT20 6QW.

Yours faithfully


J Haswell
Director

Registered Office: Kingswood Court, 1 Hemlock Close, Kingswood, Surrey, KT20 6QW
Registered in England & Wales No. 1051558

# SHRUTH LIMITED

## FORMERLY

### OLD ST ANDREWS LIMITED

**NOTICE IS HEREBY GIVEN,** pursuant to Section 98 of the Insolvency Act 1986, that a meeting of Creditors of the above named company will be held at: Held at The Stanhope Suite, Hilton London Mews Hotel, 2 Stanhope Rowe, London, W1J 7BS.

On Friday the 12th March 2004

At 12 noon. for the purpose mentioned in Sections 99, 100 and 101 of the said Act. Resolutions maybe proposed at the Meeting of Creditors to set the basis of the liquidator's remuneration and to confirm the pre appointment costs.

A form of proxy is enclosed, which, if to be used at the meeting, must be completed in accordance with the guidance noted provided thereon and lodged at the company's Registered Office at Kingswood Court, 1 Hemlock Close, Kingswood, Surrey, KT20 6QW not later than 12 noon on Thursday 11th March 2004.

Mr Mark Stephen Goldstein of Mark Goldstein Associates, Kingswood Court, 1 Hemlock Close, Kingswood, Surrey, KT20 6QW is qualified to act as an insolvency practitioner in relation to the above company and will furnish creditors free of charge with such information concerning the company's affairs as is reasonably required.

Dated: 26th February 2004

**BY ORDER OF THE BOARD**

J Haswell
Director

For the purpose of verification of claims, a statement of your account should be forwarded to Mark Goldstein Associates, Kingswood Court, 1 Hemlock Close, Kingswood, Surrey, KT20 6QW.

## ENGLAND AND WALES

1 **Introduction**
1.1 When a company goes into liquidation the costs of the proceedings are paid out of its assets. The creditors, who hope to recover some of their debts out of the assets therefore have a direct interest in the level of costs and in particular the remuneration of the insolvency practitioner appointed to act as liquidator. The insolvency legislation recognises this interest by providing mechanisms for creditors to fix the basis of the Liquidator's fees. This guide is intended to help creditors be aware of their rights to approve and monitor fees and explains the basis on which fees are fixed.

2 **Liquidation Procedure**
2.1 Liquidation (or 'winding up') is the most common type of corporate insolvency procedure. Liquidation is the formal winding up of a company's affairs entailing the realisation of its assets and the distribution of the proceeds in a prescribed order of priority. Liquidation may be either voluntary, when it is instituted by resolution of the shareholders, or compulsory, when it is instituted by order of the court.
2.2 Voluntary liquidation is the more common of the two. An insolvent voluntary liquidation is called a creditors' voluntary liquidation (often abbreviated to 'CVL'). In this type of liquidation an insolvency practitioner acts as Liquidator throughout and the creditors can vote on the appointment of the Liquidator at the first meeting of creditors.
2.3 In a compulsory liquidation on the other hand, the function of Liquidator *is*, in most cases, initially performed not by an insolvency practitioner but by an official called the Official Receiver. The Official Receiver is an officer of the court and a member of The Insolvency Service, an executive agency within the Department of Trade and Industry. In most compulsory liquidations, the Official Receiver becomes Liquidator immediately on the making of the winding-up order. Where there are significant assets an insolvency practitioner will usually be appointed to act as Liquidator in place of the Official Receiver, either at a meeting of creditors convened for the purpose or directly by the Secretary of State for Trade and Industry. Where an insolvency practitioner is not appointed the Official Receiver remains Liquidator. Official Receivers charge their fees on the basis of a statutory scale, which is laid down by the Insolvency Regulations 1994.
2.4 Where a compulsory liquidation follows immediately on an administration the court may appoint the former administrator to act as Liquidator. In such cases the Official Receiver does not become Liquidator.

3 **The Liquidation Committee**
3.1 In liquidation (whether voluntary or compulsory) the creditors have the right to appoint a committee called the liquidation committee, with a minimum of 3 and a maximum of 5 members, to monitor the conduct of the liquidation and approve the Liquidator's fees. The committee is usually established at the creditors' meeting which appoints the Liquidator, but in cases where a liquidation follows immediately on an administration any committee established for the purposes of the administration will continue in being as the liquidation committee.

3.2 The Liquidator must call the first meeting of the committee within 3 months of its establishment (or his appointment if that is later), and subsequent meetings must be held either at specified dates agreed by the committee, or when requested by a member of the committee, or when the Liquidator decides he needs to hold one. The Liquidator is required to report to the committee at least every 6 months on the progress of the liquidation, unless the committee directs otherwise. This provides an opportunity for the committee to monitor and discuss the progress of the insolvency and the level of the Liquidator's fees.

4.0 **Fixing the Liquidator's Fees**
4.1 The basis for fixing the Liquidator's remuneration is set out in Rule 4.127 of the Insolvency Rules 1966. The Rule states that the remuneration shall be fixed either:
  • as a percentage of the value of the assets which are realised or distributed or both, or
  • by reference to the time properly given by the Liquidator and his staff in attending to matters arising in the insolvency.

It is for the liquidation committee (if there is one) to determine on which of these bases the remuneration is to be fixed and if it is to be fixed as a percentage, to fix the percentage to be applied. Rule 4.127 says that in arriving at its decision the committee shall have regard to the following matters:

  • the complexity (or otherwise) of the case,
  • any responsibility of an exception kind or degree which falls on the Liquidator in connection with the insolvency,
  • the effectiveness with which the Liquidator appears to be carrying out, or to have carried out, his duties,
  • the value and nature of the assets which the Liquidator has to deal with.

4.2 If there is no liquidation committee or the committee does not make the requisite determination. The Liquidator's remuneration may be fixed by resolution of a meeting of creditors. The creditors take account of the same matters as the committee would. A resolution specifying the terms on which the Liquidator is to be remunerated may be taken at the meeting, which appoints the Liquidator. If the remuneration is not fixed in any of these ways, it will be in accordance with the scale laid down for Official Receivers.

5  **What Information should be Provided by the Liquidator**

5.1 When seeking agreement to his fees the Liquidator should provide sufficient supporting information to enable the committee or the creditors to form a judgement as to whether the proposed fee is reasonable having regard to all the circumstances of the case. The Liquidator should always make available an up to date receipts and payments account. Where the fee is to be charged on a time basis the Liquidator should be prepared to disclose the amount of time spent on the case and the charge-out value of the time spent, together with such additional information as may reasonably be required having regard to the size and complexity of the case. Where the fee is charged on a percentage basis the Liquidator should provide details of any work which has been or is intended to be contracted out which would normally be undertaken directly by a Liquidator or his staff.

5.2 The payment of the Liquidator's expenses and disbursements is not subject to approval by the committee or the creditors. However, where a Liquidator makes, or proposes to make, a separate charge by way of expenses and disbursements to recover the cost of facilities provided by his own firm, he should disclose these charges to the committee or the creditors when seeking approval of his fees, together with an explanation of how those charges are made up and the basis in which they are arrived at.

5.3 Where a resolution fixing the basis of fees is passed at any creditors meeting held before he has substantially completed his administration, the Liquidator should immediately notify the creditors of the details of the resolution. When subsequently reporting to creditors on the progress of the liquidation, or submitting his final report, he should specify the amount of remuneration he has drawn in accordance with the resolution. Where the fee is based on time costs he also should provide details of the time spent and charge-out value to date and any material changes in the rates charged since the resolution was first passed. Where the fee is charged on a percentage basis the Liquidator should provide the details set out in paragraph 5.1 above regarding work which has been sub-contracted out.

5.4 Where the Liquidator realises an asset on behalf of a secured creditor and receives remuneration out of the proceeds (see paragraph 8.1 below), he should disclose the amount of that remuneration to the committee (if there is one), to any meeting of creditors convened for the purpose of determining his fees, and in any reports he send to creditors.

6  **What if a Creditor is Dissatisfied?**

6.1 If a creditor believes that the Liquidator's remuneration is too high he may, if at least 25 per cent in value of the creditors (including himself) agree, apply to the court for an order that it be reduced. If the court does not dismiss the application (which it may if it considers that insufficient cause is shown) the applicant must give the Liquidator a copy of the application and supporting evidence at least 14 days before the hearing. Unless the court orders otherwise, the costs must be paid by the applicant and not out of the assets of the insolvent company.

7  **What if the Liquidator is Dissatisfied?**

7.1 If the Liquidator considers that the remuneration fixed by the committee is insufficient he may request that it be increased by resolution of the creditors. If he considers that the remuneration fixed by the committee or the creditors or in accordance with the official receiver's scale is insufficient, he may apply to the court for it to be increased. If he decides to apply to the court he must give at least 14 days' notice to the members of the committee and the committee may nominate one or more of its members to appear or be represented at the court hearing. If there is no committee the Liquidator's notice of his application must be sent to such of the creditors as the court may direct, and they may nominate one or more of their number to appear or be represented. The court may order the costs to be paid out of the assets.

8  **Other Matters Relating to Fees**

8.1 Where the Liquidator realises assets on behalf of a secured creditor he is entitled to be remunerated out of the proceeds of sale in accordance with the scale laid down for the Official Receiver. Usually, however, the Liquidator will agree the basis of his fee for dealing with charged assets with the secured creditor concerned. Where two (or more) joint Liquidators are appointed it is for them to agree between themselves how the remuneration payable should be apportioned. Any dispute between them may be referred to the court, the committee or a meeting of creditors. If the appointed Liquidator is a solicitor and employs his own firm to act in the insolvency, profit costs may not be paid unless authorised by the committee, the creditors or the court.

8.2 There may also be occasions when creditors will agree to make funds available themselves to pay for the Liquidator to carry out tasks which cannot be paid for out of the assets, either because they are deficient or because it is uncertain whether the work under-taken will result in any benefit to creditors. Arrangements of this kind are sometimes made to fund litigation or investigations into the affairs of the insolvent company. Any arrangements of this nature will be a matter for agreement between the Liquidator and the creditors concerned and will not be subject to the statutory rules relating to remuneration.

**Rule 8.1**  **Insolvency Act 1986**  **Form 8.5**

## Proxy (Members' or Creditors' Voluntary Winding Up)

**Shruth Ltd – Formerly Old St Andrews Ltd**

Name of Creditor/Member _____

Address _____

Name of Proxy Holder

*Please insert name of person (who must be 18 or over) or the chairman of the meeting (see note below) if you wish to provide for alternative proxy holders in the circumstances that your first choice is unable to attend please state the name(s) of the alternatives as well*

1 _____

2 _____

3 _____

*Please delete words in brackets if the proxy holder is only to vote as directed i.e. he has no discretion*

I appoint the above person to be my/the creditor's/member's proxy holder at the meeting of creditors/members to be held on 12th March 2004, or at any adjournment of that meeting. The proxy holder is to propose or vote as instructed below (and in respect of any resolution for which no specific instruction is given, may vote or abstain at his/her discretion).

*Please complete paragraph 1 if you wish to nominate or vote for a specific person as liquidator*

### Voting Instructions for resolutions

1. For the appointment of

_____

of

_____

as liquidator of the company.

*Please delete words in brackets if the proxy holder is only to vote as directed i.e. he has no discretion*

[In the event of a person named in paragraph 1 withdrawing or being eliminated from any vote for the appointment of a liquidator the proxy-holder may vote or abstain in any further ballot at his/her discretion]

*Any other resolutions which the proxy-holder is to propose or vote in favour of or against should be set out in numbered paragraphs in the space provided below paragraph 1. If more room is required please use the other side of this form*

**This form must be signed**  Signature _____ Date _____

Name in CAPITAL LETTERS _____

*Only to be completed if the creditor/member has not signed in person*

Position with creditor/member or relationship to creditor/member or other authority for signature _____

Please note that if you nominate the chairman of the meeting to be your proxy-holder he will either be a director of the company or the current liquidator. Remember: there may be resolutions on the other side of this form

Software Supplied by Turnkey Computer Technology Limited, Glasgow

Rule 4.73

# PROOF OF DEBT - GENERAL FORM

In the matter of Shruth Ltd – Formerly Old St Andrews Ltd

and in the matter of The Insolvency Act 1986
Date of resolution to wind up 12th March 2004

| | | | |
|---|---|---|---|
| 1. | Name of Creditor | | |
| 2. | Address of Creditor | | |
| 3. | Total amount of claim, including any Value Added Tax and outstanding uncapitalised interest as at the date the company went into liquidation (see note) | £ | |
| 4. | Details of any document by reference to which the debt can be substantiated. [Note the liquidator may call for any document or evidence to substantiate the claim at his discretion] | | |
| 5. | If the total amount shown above includes Value Added Tax, please show:-<br><br>(a) amount of Value Added Tax<br>(b) amount of claim NET of Value Added Tax | £<br>£ | |
| 6. | If total amount above includes outstanding uncapitalised interest please state amount | £ | |
| 7. | If you have filled in both box 3 and box 5, please state whether you are claiming the amount shown in box 3 or the amount shown in box 5(b) | | |
| 8. | Give details of whether the whole or any part of the debt falls within any (and if so which) of the categories of preferential debts under section 386 of, and schedule 6 to, the Insolvency Act 1986 (as read with schedule 3 to the Social Security Pensions Act 1975) | Category<br><br>Amount(s) claimed as preferential £ | |
| 9. | Particulars of how and when debt incurred. | | |
| 10. | Particulars of any security held, the value of the security, and the date it was given | £ | |
| 11. | Signature of creditor or person authorised to act on his behalf | | |
| | Name in BLOCK LETTERS | | |
| | Position with or relation to creditor | | |
| | Date | | |

Form 4.25

Rule 4.73      PROOF OF DEBT - GENERAL FORM (CONTD...)

Software Supplied by Turnkey Computer Technology Limited, Glasgow

Admitted to Vote for

£

Date

Liquidator

---

Admitted preferentially for

£

Date

Liquidator

---

Admitted non-preferentially for

£

Date

Liquidator

**NOTE:** A company goes into liquidation if it passes a resolution for voluntary winding up or an order for its winding up is made by the court at a time when it has not already gone into liquidation by passing such a resolution.

# EXHIBIT B

# CORPORATE INSOLVENCY IN ENGLAND AND WALES

# A MINI GUIDE



halliwell landau

# CREDITORS' VOLUNTARY LIQUIDATION

## What is creditors' voluntary liquidation?

A creditors voluntary liquidation ("CVL") is a insolvent winding up of the company initiated by the company and ratified by its members and creditors.

When the directors resolve that:

   a)  the company cannot continue to trade since it cannot pay its debts as they fall due, or its liabilities exceed its assets; and

   b)  the company should call a meeting of shareholders and the company's creditors to resolve to wind the company up.

   c)  the process for a creditor's voluntary liquidation has been commenced.



At least 7 days notice must be given to creditors and the creditors' meeting must take place within 14 days of the shareholders' meeting resolving to wind the company up. Usually the creditors' and the shareholders' meetings take place on the same day.

The shareholders will nominate an insolvency practitioner to act as the liquidator. The creditors may ask for such reasonable information as they require from the company prior to the meeting. Creditors may inspect proofs and proxies lodged prior to the meeting.

At the creditors' meeting in excess of 50% in value of the creditors present in person or by proxy must vote in favour of the liquidation of the company and the appointment of a liquidator. The creditors must have lodged their proof of debt form and proxy form within the time limit specified in the notice papers. Faxed proxies are acceptable.

If the creditors select a different liquidator to the shareholders' nominee, the creditors' liquidator will act.

## Effect of liquidation

Legal proceedings can be commenced against the company but the liquidator may apply for a stay of the proceedings. Money judgments cannot be enforced and will be unsecured claims in the liquidation.

Legal advice should be taken to ensure that continuing proceedings is worthwhile.

halliwell legal solutions landau

### Role of the liquidator

The liquidator is appointed by the creditors to collect in the company's assets and to realise them for the benefit of all creditors. The liquidator has powers to trade the company for a short time if it would be beneficial in the winding-up of the company. He also has powers of investigation. He can sue and be sued in the company's name.

### Control of the liquidator

A creditors' committee consisting of 3 to 5 members can be appointed at the first creditors' meeting. This committee supervises the liquidator's activities and authorises his remuneration.

If a creditor is dissatisfied with the liquidator's action, he may apply to the Court for redress on the grounds that the liquidator's actions are unfairly prejudicial to the interests of one or more creditors (including himself).

### Directors' Powers

The directors' powers cease on liquidation.

### Claims against the company

The liquidator will pay a dividend to all creditors who have submitted a proof of debt form which he accepts. It is for the creditor to provide evidence of the debt if required to do so by the liquidator.

The liquidator may reject or accept the debt in part or in full. If the liquidator rejects the debt, he must give his reasons. The creditor must challenge the adjudication within 21 days of receipt of the rejection, failing which he will be bound by the liquidator's decision.

Interest can only be claimed up to the date of the winding-up (being the date when the shareholders passed the resolution to wind the company up). Interest can be claimed after the winding-up only if there is sufficient money to pay all the creditors their debts and interest to the date of the winding-up in full.

Creditors registered for VAT in England will be able to reclaim the VAT charged on their invoices to the company under the VAT Bad Debt relief scheme once the debt has been written off in their books for 6 months.

### Doing business with the liquidator

The liquidator does not have to continue with any contracts entered into by the company prior to liquidation unless the contract provides otherwise, it will not terminate automatically on liquidation. The liquidator may disclaim onerous contracts. The creditor may then claim in the liquidation for damages for breach of contract. This is an unsecured claim.

The liquidator may enter into new contracts and the liabilities incurred by the company in connection with the same will be paid as an expense of the liquidation, ahead of the liquidator's remuneration. The liquidator will be personally liable for amounts due unless that liability has been expressly excluded by the contract.

halliwell legal solutions landau                                                                                    15

CORPORATE INSOLVENCY IN ENGLAND & WALES
A MINI GUIDE

Employees' contracts will automatically terminate on liquidation.

## End of liquidation

The liquidation is complete once all the assets have been realised or disclaimed and the liquidator has paid out the final dividend to the creditors. He will then call a final meeting of the creditors and shareholders. At that meeting he will present a final receipt and payments account together with a report on the liquidation. He will be discharged from office once the report of the final meeting and the receipts and payments account have been lodged at Companies House.

---

For further information or advice on any questions concerning the material in this mini guide please contact one of our corporate recovery partners whose details are on Page 3 of this guide.



75 king william street  I  london EC4N 7BE   telephone 020 7929 1900  I  facsimile 020 7929 4800
st james's court I brown street I manchester M2 2JF  telephone 0161 835 3003  I facsimile 0161 835 2994
city plaza  I pinfold street  I  sheffield S1 2GU  telephone 0114 229 8000  I  facsimile 0114 229 8001
email info@halliwells.co.uk  website www.halliwells.co.uk

Halliwell Landau is regulated by the Law Society. The firm is not authorised under the Financial Services & Markets Act 2000 but we are able in certain circumstances to offer a limited range of investment services to clients because we are members of the Law Society. We can provide these investment services if they are an incidental part of the professional services we have been engaged to provide.

halliwell legal solutions landau

16