UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INTERNATIONAL BRANDS USA, INC. and INTERBRANDS, INC., | : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 3:02CV333(MRK) |
| v. | : : | |
| OLD ST. ANDREWS LIMITED, | : : | |
| Defendant. | : : | |

## ORDER

Having considered Attorney Michael Feldman's Motion to Withdraw Appearance [doc. # 60], dated March 5, 2004, and the Motion To Submit Sealed Document [doc. # 67], dated April 1, 2004, and attached affidavit and exhibits, and having conferred with counsel for the parties on numerous occasions over the last month or more, including on April 1, 2004, the Court makes the following orders:

1. In the interest of justice and for good cause shown, the Court GRANTS Attorney Michael Feldman's Motion to Withdraw Appearance [doc. # 60]. The Clerk of the Court is directed to remove Mr. Feldman as counsel of record for defendant Old St. Andrews Limited ("OSA"), and neither the Court nor plaintiffs need serve any further pleadings or notices on Mr. Feldman. As his final act in this case, Mr. Feldman is ordered to provide a copy of this Order to the liquidator for defendant OSA.

2. In the interests of justice and for good cause shown, the Court GRANTS Attorney Feldman's Motion to Submit Sealed Document, dated April 1, 2004 [doc. # 67]. The Court will retain Mr. Feldman's affidavit under seal.

3. As Mr. Feldman has previously advised the liquidator for defendant OSA, a corporation may not represent itself *pro se* but can only proceed in civil litigation in this Court through the representation of counsel admitted to practice before this Court. Therefore, defendant OSA, who has had ample notice of this situation and of the need to retain counsel, shall have one week, until **April 12, 2004**, to retain counsel and file an appearance in this case. If no counsel appears for defendant OSA by that date, plaintiffs are free to move for entry of default. Defendant OSA is hereby cautioned that if a default is entered as a result of defendant's failure to file an appearance of counsel, plaintiffs will be entitled to seek an award of damages by way of a default judgment. The Court understands that plaintiffs make seek an award of damages of approximately $1.5 million, plus potential additional amounts. Therefore, the consequence of defendant OSA's failure to obtain counsel to represent its interests by April 12, 2004, may be the subsequent entry of a default judgment in an amount of approximately $1.5 million or more.

IT IS SO ORDERED.

/s/     Mark R. Kravitz
U.S.D.J.

Dated at New Haven, Connecticut: April 2, 2004.