UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------x

INTERNATIONAL BRANDS USA, INC. :
and INTERBRANDS, INC.          :
                               :
    Plaintiffs,                :
                               :
V                              :
                               :   CIVIL ACTION NO.
                               :   3:02 CV 00333 (MRK)
                               :
OLD ST. ANDREWS LIMITED        :
                               :
    Defendant.                 :   May 12, 2004
                               :
----------------------------------------------------x

**PLAINTIFFS' APPLICATION FOR JUDGMENT AND
REQUEST FOR EXPEDITED CONSIDERATION**

Pursuant to this Court's April 2, 2004 Order and F.R.Civ.P. 55(b), plaintiffs International Brands USA, Inc. and Interbrands, Inc. (collectively "International Brands") hereby apply for entry of judgment against defendant Old St. Andrews Limited ("OSA") and respectfully show the Court as follows:

1.      On February 26, 2002, International Brands filed on eight count complaint against OSA invoking the Court's diversity jurisdiction. The central claim alleged in the complaint is that OSA unlawfully, improperly and unfairly terminated the parties' exclusive distributorship agreement conferring upon International Brands the exclusive right to distribute in the United States products produced by OSA, including a product bearing the name Old St. Andrews Clubhouse Scotch Whisky. The complaint also alleges that OSA failed to reimburse

International Brands for (i) defective goods, including goods returned to OSA by International Brands pursuant to OSA's instructions and (ii) monies advanced by International Brands to OSA. The specific causes of action upon which International Brands now seeks judgment are:

- Count One - a cause of action for breach of contract in which International Brands claims as its reliance damages an amount equal to the out-of-pocket expenses it incurred developing, promoting and advertising "Clubhouse products" during the period 1999-2001, less the profits International Brands earned on the sale of Clubhouse products during that same time period.

- Count Two - a cause of action for breach of the duty of good faith and fair dealing implicit in the parties' exclusive distributorship agreement. The monetary relief sought in Count Two is the same relief sought in Count One.

- Count Six - a cause of action for breach of contract based on OSA's failure to reimburse International Brands for defective and unmerchantable goods, including mislabeled goods returned by International Brands to OSA at OSA's request. International Brands seeks damages in the amount of the credit invoices it rendered to OSA for the defective goods.

- Count Seven - a cause of action for breach of contract based on OSA's failure to reimburse International Brands for monies advanced by International Brands to OSA, at OSA's request, purportedly for the purchase of bulk whisky needed to fulfill a 4,650 case order for Old St. Andrews Clubhouse Scotch Whisky ("Clubhouse") placed by International Brands in January 2001. International Brands seeks to recover the amount of the advance, less the price of the 1,200 cases of Clubhouse that were shipped to International Brands.

- Count Eight - a cause of action for violation of the Connecticut Unfair Trade Practices Act ("CUTPA") based on OSA's summary termination of the parties' exclusive distributorship agreement (and OSA's denial that such agreement even existed) after International Brands invested substantial time and money developing a market for products produced by OSA; OSA's refusal to honor credits to which International Brands was entitled; and OSA's sudden demand for payment of expenses never agreed to by International Brands. International Brands seeks the same compensatory relief sought in the prior counts plus punitive damages and attorney's fees.

2. OSA appeared in this action by counsel and, on April 30, 2002, filed an answer, special defenses and counterclaims relating to International Brands' purchases of goods from OSA. Discovery thereafter proceeded in accordance with a court approved Case Management Plan.

3. On March 10, 2003, OSA filed a motion to amend its counterclaims to add four additional counts alleging violations of state and federal law in connection with International Brands' alleged efforts to register with the United States Patent and Trademark Office the name "Clubhouse" in connection with Scotch whisky (the "Additional Counterclaims"). OSA's motion to amend was granted on April 11, 2003 and International Brands thereafter filed an answer and special defenses with respect to the Additional Counterclaims. Discovery, including discovery on the Additional Counterclaims, continued in accordance with an amended Case Management Plan.

4. On November 3, 2003, International Brands filed a motion for summary judgment with respect to the Additional Counterclaims. By order dated November 18, 2003, the Court extended OSA's time to respond to the motion for summary judgment to December 8, 2003 and by order dated December 3, 2003 that time was further extended to January 9, 2004. However, in an effort to expedite the commencement of trial, International Brands agreed that consideration of the motion should be deferred until the time of trial which, by order dated December 17, 2003, was scheduled to commence on April 19, 2004.

5. On March 5, 2004, the Court was informed that OSA had commenced voluntary liquidation proceedings in the United Kingdom. On March 8, 2004, OSA's counsel filed a motion to withdraw appearance reciting conversations with both OSA's principal and the putative "liquidator" of OSA to the effect that OSA would not participate further in this action.

6. By orders dated April 2, 2004 and April 5, 2004 respectively, the Court granted OSA's counsel's motion to withdraw appearance and directed that International Brands would be free to move for entry of a default and a default judgment if replacement counsel did not file an appearance on behalf of OSA by April 12, 2004. No such appearance was filed and International Brands has, by application dated May 6, 2004, moved for entry of default for failure to appear and defend.

7. International Brands now applies for entry of judgment as follows:

| | |
|---|---:|
| On Counts One and Two | $1,333,542.00 |
| On Count Six | $37,903.64 |
| On Count Seven | $6,801.00 |
| **Total Compensatory Damages** | **$1,378,246.64** |

-Plus-

On Count Eight, an amount equal to International Brands' legal fees and expenses, $290,208.42, plus punitive damages as assessed by the Court.

8.  International Brands also requests judgment on OSA's counterclaims, including judgment dismissing with prejudice the Additional Counterclaims for the reasons set forth in International Brands Motion for Summary Judgment.

9.  International Brands also requests judgment for costs pursuant to F.R.Civ.P. 54.

10. In support of this Application, International Brands submits contemporaneously herewith the following:

(i)   Affidavit of Rolf Andersen dated May 8, 2004.

(ii)  Affidavit of Marc J. Kurzman Regarding Deposition Transcripts dated May 11, 2004.

(iii) Affidavit of Matt Klim dated May 7, 2004.

(iv)  Affidavit of Harold Gorman dated April 30, 2004.

(v)   Affidavit of Andrew Hillman dated April 22, 2004.

(vi)  Affidavit of Marc J. Kurzman Regarding Attorneys' Fees dated May 11, 2004.

(vii) Plaintiffs' Proposed Findings of Fact and Conclusions of Law.

11. International Brands requests expedited consideration of this Application pursuant to Local Rule 7(a)(1) so that it can protect its interests in connection with the pending liquidation of OSA's assets in the United Kingdom. OSA (which cannot appear pro se) has eschewed its opportunity to engage replacement counsel. Furthermore, information previously provided to the Court by OSA's former counsel demonstrates that OSA does not intend to participate further in

these proceedings. Accordingly, International Brands requests that this Application be heard on three (3) days notice pursuant to F.R.Civ.P. 55(b)(2).

          THE PLAINTIFFS,

          INTERNATIONAL BRANDS USA, INC.
          AND INTERBRANDS, INC.

          By /s/ Marc J. Kurzman
             Marc J. Kurzman - ct01545
             Mary E. Sommer - ct04345
             SANDAK HENNESSEY & GRECO LLP
             970 Summer Street
             Stamford, CT  06905
             Telephone: (203) 425-4200
             Facsimile: (203) 325-8608

## **CERTIFICATION**

This is to certify that true and correct copies of the foregoing application and the following contemporaneously filed documents:

(i) Affidavit of Rolf Andersen dated May 8, 2004

(ii) Affidavit of Marc J. Kurzman Regarding Deposition Transcripts dated May 11, 2004

(iii) Affidavit of Matt Klim dated May 7, 2004

(iv) Affidavit of Harold Gorman dated April 30, 2004

(v) Affidavit of Andrew Hillman dated April 22, 2004

(vi) Affidavit of Marc J. Kurzman Regarding Attorneys' Fees dated May 11, 2004

(vii) Plaintiffs' Proposed Findings of Fact and Conclusions of Law

were transmitted via overnight courier, on this 12th day of May 2004 to:

Shruth Limited (Formerly Known as Old St. Andrews Ltd.)
Attention: Julian Haswell
153 Main Road
Biggin Hill
Kent
TN16 3JP
United Kingdom
(Facimile: 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-540401)

Mark Steven Goldstein
Mark Goldstein Associates
Kingswood Court
1 Hemlock Close
Kingswood, Surrey
KT20 6QW
United Kingdom
(Facsimile: 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-830812)

/s/ Marc J. Kurzman
Marc J. Kurzman