UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------------x
:
INTERNATIONAL BRANDS USA, INC. and          :
INTERBRANDS, INC.                            :
                                             :
    Plaintiffs,                              :  CIVIL ACTION NO.:
                                             :
v.                                           :  3:02 CV 00333 (MRK)
                                             :
OLD ST. ANDREWS LIMITED                      :
                                             :
    Defendant.                               :  MAY 11, 2004
                                             :
---------------------------------------------------------------------x

### AFFIDAVIT OF MARC J. KURZMAN
### RE:  ATTORNEYS' FEES

    MARC J. KURZMAN, being duly sworn, deposes and says:

    1.    I have served as lead counsel of record for plaintiffs International Brands USA, Inc. and Interbrands Inc. (collectively "International Brands") since the inception of this lawsuit in February 2002.  I am over the age of 18 years and understand the obligations of an oath.  I make this affidavit for the purpose of supporting International Brands' claim for legal fees under Count Eight of its complaint.

    2.    I have at all times been the attorney primarily responsible for this matter.  Prior to January 2, 2004, I was a member of the firm of Levett Rockwood, P.C. ("LR").  While at LR, I was assisted in this matter by certain Levett Rockwood attorneys and paralegals who will be identified below.  On January 2, 2004, I resigned from LR and became a partner in Sandak Hennessey & Greco LLP ("SH&G").  Since that time, I have been assisted in this matter by one

of my partners, Mary Sommer. I am familiar with the educational and professional background of my colleagues and the billing system utilized by LR and SH&G. Accordingly, I base this affidavit on my personal knowledge, my review of the file and information provided to me by employees of LR and SH&G.

3. International Brands engaged Levett Rockwood in December 2001 to pursue its legal remedies in connection with the summary termination by defendant Old St. Andrews Limited ("OSA") of the parties exclusive distributorship agreement. Prior to the filing suit, I communicated with OSA's counsel in the United Kingdom in an effort to reinstate the exclusive distributorship agreement. When those efforts proved unavailing, this action commenced in February, 2002.

4. This action was actively prosecuted by International Brands and vigorously defended by OSA for over twenty four months. In terms of International Brands' legal expenses, this litigation involved, among other things:

(i) Research for, and preparation of, an eight count complaint for compensatory damages and injunctive relief and resolution of international service of process issues.

(ii) The defense of a nine count counterclaim asserting, _inter alia_, common law, Connecticut statutory and Federal Lanham Act claims.

(iii) The review and production of over 1,500 documents by International Brands.

(iv) The receipt, review and analysis of almost 800 documents produced by OSA.

(v) Responding to three sets of interrogatories and document requests served by OSA.

(vi) Addressing numerous discovery issues, including the successful prosecution of a motion to compel the production of discovery withheld by OSA.

(vii) Extensive work with the three expert witnesses and the principal fact witness for International Brands.

(viii) Preparation of various damages analyses.

(ix) Preparing for and taking the depositions of OSA's lay and expert witnesses, including the depositions of Julian Haswell, Roger Turner, David Wilson which were conducted in the United Kingdom.

(x) The defense of a multi-day deposition of International Brands' principal, Rolf Andersen.

(xi) Research for and preparation of an extensive motion for summary judgment with respect to OSA's so-called trademark counterclaims.

(xii) Participation in settlement proceedings with Magistrate Judge Fitzsimmons.

(xiii) Extensive trial preparation, including compliance with the Court's pre-trial order.

(xiv) Participation in numerous status conferences with the Court.

(xv) Addressing the commencement by OSA of dissolution proceeding on the eve of trial of this matter.

        (xvi)    Preparation of the motion for judgment submitted contemporaneously herewith.

5.    As the Court is aware, this case had been scheduled for a one week trial commencing April 19, 2004. On the eve of trial, OSA commenced voluntary liquidation proceedings in the United Kingdom and its counsel of record, Michael Feldman and Kristen Green, sought, and were granted, permission to withdraw. However, much of International Brands' witness and trial preparation had been completed by that time.

6.    International Brands engaged Levett Rockwood on a "time and expenses" basis. Attached as Exhibit A and true and complete copies of Levett Rockwood's bills to International Brands which contain a detailed itemization of time charges and disbursements. After adjustments (including adjustments for third party charges paid directly by International Brands), International Brands incurred and paid to Levett Rockwood $203,215.05 in legal fees and $20,743.45 in disbursements for a total of $223,957.50.

7.    Levett Rockwood charges its clients the actual or estimated costs for copying, faxes, messengers, etc. These charges are designed to cover costs; not make a profit.

8.    SH&G was also engaged on a "time and expense" basis. Since January 2, 2004, SH&G has billed International Brands $50,852.50 in fees and $1,154.53 in disbursements for a total of $52,007.03. Attached as Exhibit B are copies of SH&G bills containing a detailed itemization of time charges and disbursements incurred by International Brands.[1]

---

[1] International Brands has also incurred legal fees for work performed during the month of May, 2004 which has not yet been billed and for which International Brands is not seeking reimbursement from OSA.

9. In addition to the foregoing fees and expenses, International Brands incurred the following expenses which were submitted directly to International Brands for payment:

| Vendor | Description | Amount |
|---|---|---|
| Campano & Associates | Attendance Fee and Transcript - Julian Haswell Deposition | $1,024.38 |
| Niziankiewiz & Miller | Transcript - Rolf Andersen Deposition | $601.55 |
| Patricia Tyszka | Deposition Transcript - Rolf Andersen continued deposition | $510.39 |
| Doyle Reporting | Appearance fee and transcript - Joel Gosler deposition | $716.60 |
| Roger Turner | Expert fee and travel expense paid to defense expert, Roger Turner, for attendance at deposition | $2,647.21 |
| Halliwell Landau Law Firm | Providing legal assistance in the UK for all depositions take in that production | $8,743.76 |
| **TOTAL** | | **$14,243.89** |

Copies of the foregoing bills are annexed as Exhibit C.

10. During the period December 2001 - March 2004, the attorneys primarily involved in this matter billed the following hours:

| | Hours |
|---|---|
| Marc J. Kurzman | 541.70 |
| Madeleine F. Grossman | 13.20 |
| Dorit S. Heimer | 112.30 |
| Edward Chansky | 73.12 |
| Mary E. Sommer | 10.70 |
| | 751.02 |

11. In terms of the reasonableness of the fees charged to International Brands, the hourly rate I have charged to International Brands has remained at $300 per hour since the inception of this matter. I am a 1983 graduate of Columbia Law School who has been admitted to practice in New York and Connecticut since 1984 and 1987, respectively. I am a member of

the Federal Practice Section of the Connecticut Bar Association ("Federal Practice Section") and have always been primarily engaged in the areas of commercial litigation and real estate litigation.

12. While at Levett Rockwood, I was assisted in this matter by Madeleine Grossman, Dorit Heimer and Edward Chansky who billed at $325, $300 and $285 per hour, respectively.

13. Madeleine Grossman is a 1976 graduate of Yale Law School; was admitted to practice in Connecticut in 1976; is a member of the Federal Practice Section; and has extensive experience in litigating matters in state and federal court.

14. Dorit Heimer is a 1978 graduate of Harvard Law School; has been admitted to practice in New York and Connecticut since 1979 and 1987, respectively; is an officer of the Federal Practice Section; and has extensive experience litigating matters in state and federal court.

15. Ed Chansky is a 1987 graduate of Harvard Law School and has been admitted to practice in Connecticut since 1987. The focus of Attorney Chansky's practice is intellectual property law. Edward Chansky's involvement was limited to defense of the Trademark Counterclaims.

16. While at SH&G, I have been assisted by Mary Sommer. Attorney Sommer is a 1975 graduate of the University of Notre Dame Law School, who has been admitted to practice in Connecticut state and federal courts since 1976. Attorney Sommer is a Vice President of the Regional Bar Association and has extensive experience litigating matters in state and federal court.

17. While at Levett Rockwood, I was also assisted in this matter by paralegals Maura E. Hennessy, Julia Farthing and Isela Rodriguez, litigation paralegals in that office. The paralegals assisted in the organization and preparation of documents, and provided general litigation support in connection with the prosecution of this matter and defense of the counterclaims.

18. International Brands total legal fees and expenses in connection with this matter (reflected in Exhibits A-C) amount to **$290,208.42**, which I respectfully submit are fair and reasonable.

/s/ Marc J. Kurzman
Marc J. Kurzman

Signed and sworn to before me
this 11th day of May, 2004.

/s/ Notary Public
Notary Public

My Commission Expires: _____